**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LANCE POUGH,**

      **Plaintiff,**

                        **Civil Action 2:21-cv-880**
      **v.**                  **Judge Michael H. Watson**
                        **Magistrate Judge Elizabeth P. Deavers**

**MIKE DEWINE,** *et al.*,

      **Defendants.**

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, a state inmate proceeding without the assistance of counsel, initiated this action

on March 1, 2021, by filing a Complaint unaccompanied by the required filing fee or motion for

leave to proceed *in forma pauperis*. The Clerk's Office issued a Deficiency Notice on March 2,

2021. (ECF No. 2.) On April 5, 2021, Plaintiff filed a motion for leave to proceed *in forma*

*pauperis* and a motion for leave to amend. (ECF Nos. 6 and 7.) By Order dated April 7, 2021,

the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and permitted

Plaintiff to proceed on his Amended Complaint. (ECF No. 8.) The Court advised Plaintiff that

he must submit a Marshal service form for each Defendant if he intended for the United States

Marshal to make service and that his failure to do so may result in the dismissal of this action

pursuant to Federal Rule of Civil Procedure 4(m). (*Id*.) Further, the Court directed the Clerk to

mail copies of these forms to the Plaintiff. (*Id.*)

On May 3, 2021, Plaintiff filed three documents with the Court: (1) a motion for service

by the US Marshals Service (ECF No. 9); (2) a motion for extension of time to perfect service

(ECF No. 10); and a motion for Leave to file a Third Amended Complaint.[1] (ECF No. 11.)

Between May 7 and May 20, 2021, Plaintiff filed multiple service documents and letters

checking the status of service. (ECF Nos. 12-17.) For the following reasons, it is

**RECOMMENDED** that the Court **GRANT, in part**, and **DENY**, **in part**, Plaintiff's motion for

leave to file a third amended complaint. (ECF No. 11.) Further, Plaintiff's motions relating to

service (ECF Nos. 9, 10) are **DENIED** as set forth below.

**I.**

Turning first to Plaintiff's motion for leave to file a Third Amended Complaint,

generally, pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her

pleadings when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of

permitting amendments to ensure the determination of claims on their merits." *Oleson v. United*

*States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States

Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)]

determination include undue delay in filing, lack of notice to the opposing party, bad faith by the

moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to

the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766,

770 (6th Cir. 2008). A court may deny a motion for leave to amend for futility if the amendment

could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601

F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th

Cir. 2005). In addition, when considering the issue of prejudice, a court must ask whether

allowing amendment would "require the opponent to expend significant additional resources to

---

[1] Although Plaintiff refers to his proposed filing as a "Third Amended Complaint," for purposes
of clarity, it would be Plaintiff's Second Amended Complaint.

conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

The Prison Litigation Reform Act authorizes *sua sponte* review of any complaint in which a prisoner seeks to proceed *in forma pauperis* to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Because Plaintiff is a prisoner proceeding *pro se*, the Court must re-screen his tendered amended complaint under the PLRA regardless of whether the amendment is considered under Rule 15. *Nutt v. Seta*, No. 1:19-CV-460, 2020 WL 581837, at *1 (S.D. Ohio Feb. 6, 2020), *report and recommendation adopted*, No. 1:19-CV-460, 2020 WL 1042476 (S.D. Ohio Mar. 4, 2020).

In his tendered Second Amended Complaint, Plaintiff names as Defendants Ohio Governor Mike DeWine, the Ohio Parole Board, and individual members of the Ohio Parole Board serving on his parole panel including Katie Kovach, Dr. Tracy Reveal, Trayce Thalheimer, Fritz (RF) Rauschenberg, and Mark Houk. He also names as a Defendant JoEllen Smith, described as the spokesperson for the Ohio Parole Board.

Plaintiff alleges that he is African American and was denied parole on the basis of his race in violation of his Fourteenth Amendments rights to Equal Protection and Substantive Due Process. Plaintiff contends that he was denied parole by a decision of the Parole Board issued in March or April 2018, but that in May 2019, he learned of racially biased allegations, leading him to the conclude that his denial was racially motivated. According to Plaintiff, he learned, through the public statements of former Board member Shirley Smith, that the Ohio Parole

3

Board and its members have unwritten practices and policies of using race as a deciding factor in parole decisions. Plaintiff asserts that the Parole Board members named as Defendants are Caucasian and applied these unwritten practices and policies in denying him parole based on his race.

Plaintiff states that he is suing all individuals in their official capacities for injunctive and declaratory relief and all individuals in their individual capacities for damages. He seeks $20,000 in damages from each individual defendant, $60,000 in punitive damages, and a new parole hearing.

Initially, to the extent Plaintiff seeks to sue the Ohio Parole Board as a distinct entity, "[t]he Ohio Parole Board is a section within the Ohio Parole Authority, a state agency." *See Latham v. Bd.*, No. 1:15-CV-488, 2015 WL 5905833, at *3 (S.D. Ohio Sept. 16, 2015), *report and recommendation adopted sub nom. Latham v. Ohio Parole Bd.*, No. 1: 15-CV-488, 2015 WL 5882979 (S.D. Ohio Oct. 7, 2015) (citing Ohio Rev. Code § 5149.02; *Holson v. Good*, 579 F.App'x 366 (6th Cir. 2014) ("The Parole Authority is undisputedly a state agency.") "Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought." *Id*. (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The exceptions to the Eleventh Amendment bar do not apply here. "Ohio has not waived its sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against the Ohio Parole Board is appropriate.

Further, aside from listing Governor DeWine as a named Defendant, Plaintiff has failed

to allege his involvement in the alleged racially-based denial of Plaintiff's parole. Plaintiff's sole

allegation relating to Governor Dewine states that "The Plaintiff Pough also asserts that the

defendant Mike DeWine, in reaction to Shirley Smith's claims and allegations, called for reform

of the Ohio Parole Board thereby adopting the truth in her claims and this qualifies as an

adoptive admission." (ECF No. 11-1, at ¶ 53.) The Eleventh Amendment bars all suits, whether

for injunctive or monetary relief against a state and its departments. *Cox v. Kentucky Dept. of*

*Transp.,* 53 F.3d 146, 152 n. 2 (6th Cir.1995), citing *Pennhurst State Sch. & Hosp. v.*

*Halderman,* 465 U.S. 89, 100–01 (1984). And it bars suits for monetary damages against

individuals in their official capacities. However, it does not bar lawsuits seeking prospective

injunctive or declaratory relief against state officials for constitutional violations. Cox, 53 F.3d at

152, n.2, *citing Thoikol Corp. v. Department of Treasury,* 987 F.2d 376 (6th Cir.1993); *Ex Parte*

*Young,* 209 U.S. 123714 (1908)).

However, *Young* only "abrogates a state official's Eleventh Amendment immunity when

a suit challenges the constitutionality of a state official's action." *Children's Healthcare is a*

*Legal Duty, Inc. v. Deters,* 92 F.3d 1412, 1415 (6th Cir.1996). As explained in *Brown v.*

*Strickland,* 2010 WL 2629878:

> For the *Young* exception to apply, "the state official sued [must] have 'some
> connection' with the enforcement of the allegedly unconstitutional Act." *Allied*
> *Artists Picture Corp. v. Rhodes,* 679 F.2d 656, 665 n. 25 (6th Cir.1982), *quoting Ex*
> *parte Young,* 209 U.S. at 157); *Kelley v. Metropolitan County Bd. of Educ.,* 836
> F.2d 986, 990–91 (6th Cir.1987) (declining to apply *Young* when defendants were
> not threatening to enforce any unconstitutional act). Courts have not read Young
> expansively. See *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 102,
> 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). ("While the rule permitting suits alleging
> conduct contrary to 'the supreme authority of the United States' has survived, the
> theory of Young has not been provided an expansive interpretation."). Furthermore,
> the Sixth Circuit has expressly held that the phrase "'some connection with the
> enforcement of the act' does not diminish the requirement that the official threaten

and be about to commence proceedings." *Children's Healthcare is a Legal Duty, Inc.,* 92 F.3d at 1416, *citing Ex parte Young,* 209 U.S. at 155–56).

*Id.* at \*3.

In this case, to the extent that the complaint could be read as seeking injunctive relief against Governor DeWine, Plaintiff has not alleged that Governor DeWine had any knowledge of or role in enforcing the alleged unwritten policy sanctioning the denial of parole based on race at the time of Plaintiff's parole hearing. For this reason, Plaintiff's claim against Governor DeWine in his official capacity for injunctive relief are subject to dismissal. *Austin v. Kasich*, No. 2:12-CV-983, 2013 WL 1324354, at \*5 (S.D. Ohio Mar. 29, 2013).

The same is true for any claims for monetary relief that Plaintiff seeks to assert against Governor DeWine in his personal capacity. Respondeat superior cannot be the basis of a § 1983 claim. *Grinter v. Knight,* 532 F.3d 567, 575 (6th Cir.2008). Rather, proof of personal involvement in unconstitutional activity is required for a supervisor, such as Governor DeWine, to acquire personal liability. *Id.* A § 1983 plaintiff must at least show that a supervisory official implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of his subordinate. *Id.* Plaintiff has not made any such allegations here. Therefore, any claims against Governor DeWine is his personal capacity must be dismissed for failure to state a claim upon with relief can be granted. *Austin v. Kasich*, 2013 WL 1324354, at \*5. Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against Governor Dewine is appropriate.

Finally, Plaintiff makes the following allegations against Defendant JoEllen Smith, restated here verbatim:

> 49. Defendant Spokeswoman Joellen Smith, the Ohio Parole Board Spokeswoman (employee, and/or agent of the OPB) in January of 2019, failed to address Shirley Smith's claims in the Cleveland.com website, See Ex.A,Ex.A1, and Ex. B, that the Parole Board members are harsher with/towards minorities and people of color. Thus, the OPB members(defendants), through their spokeswoman, JoEllen Smith,

conceded through silence and a failure to object, regarding this specific claim that"OPB members(defendants) are harsher with minorities and blacks(people of color)" while addressing other claims against them and objecting to them.

50.  Based upon the conduct of OPB members, and defendants named herein, and OPB Spokeswoman, defendant, JoEllen Smith's conduct of failing to object to or respond to Shirley Smith's online claims that the defendants(ohio parole board members) are harsher and racially biased towards blacks and minorities whereas they treat them (people of color)harsher, they adopted the truth in Smith's allegations by their conduct.

(ECF No. 11-1.)

These allegations are insufficient to state a claim against Defendant Smith.  Plaintiff does

not set forth any allegations specifically connecting this Defendant to the alleged violations of

his Due Process or Equal Protection rights resulting in the denial of his parole.  A plaintiff cannot

establish the individual liability of any defendant for constitutional violations absent allegations

showing that that defendant was personally involved in the conduct which forms the basis of his

claims.  *Hawkins v. Budish*, No. 1:19 CV 953, 2019 WL 4256830, at *2 (N.D. Ohio Sept. 9,

2019).  Accordingly, any claims against Defendant Smith in her personal capacity should be

dismissed under § 1915(e) for failure to state a claim.

Further, similar to Plaintiff's claims for injunctive relief against Governor DeWine,

Plaintiff has not alleged that Defendant Smith had any knowledge of or role in enforcing the

alleged unwritten policy sanctioning the denial of parole based on race at the time of Plaintiff's

parole hearing.  For this reason, Plaintiff's claim against Defendant Smith in her official capacity

for injunctive relief are subject to dismissal.  *Austin v. Kasich*, 2013 WL 1324354, at *5.

At this juncture, the Undersigned finds that Plaintiff's claims against the individual

Parole Board members alleging violations of his Equal Protection and Substantive Due Process

rights should be allowed to proceed.  However, the Undersigned expresses no opinion as to the

merit of those claims.

## II.

This brings the Court to the matter of service.  Plaintiff is **ADVISED** that he has

**NINETY (90) DAYS** in which to effect service of process, *see* Fed. R. Civ. P. 4(m), and that

failure to serve any Defendant with process within this time may result in the recommendation

that those claims be dismissed and may ultimately lead to the dismissal of those claims or this

action.  By virtue of Plaintiff's pauper status, service of process will be made by the United

States Marshal and Plaintiff is not required to file additional motions requesting such service.

Accordingly, Plaintiff's filing, construed as a motion requesting service by the United States

Marshal (ECF No. 9) is **DENIED** as moot to this extent.

Further, to the extent that Plaintiff seeks assistance from the Clerk's Office in preparing

his service documents, Plaintiff's motion (ECF No. 9.) is **DENIED.**  In this motion, Plaintiff

states that "I sent in one US Marshall form for defendant Tracy Reveal but can't afford to mail in

the others right now."  He further states, by way of a p.s.:

> I included 4 process receipt and return papers with defendant Katie Kovach on it
> for her to be served as well.  I just didn't have any more money to make copies of
> the complaint and exhibits so if the Clerk could make a copy of the new complaint
> and motion for leave and serve the defendants Reveal and Kovach via US Marshals;
> I would greatly appreciate it.  If not, I will have to wait until I get some $ and the
> cashier doesn't take it all, like on this occasion which prevented me from being able
> to mail in any more copies of the new complaint and exhibits.

(ECF No. 9, at 2.)

Consistent with Plaintiff's indigent status, the Clerk's Office will forward a service

packet to the United States Marshal upon Plaintiff's submission of all necessary service

documents.  An indigent prisoner's request to use court staff "as his assistant" to effect service, in

order to avoid the cost or inconvenience of doing his own service, is improper.  *Hammock v.*

*Rogers*, No. 1:17-CV-1939, 2019 WL 651602, at *3 (N.D. Ohio Feb. 15, 2019) (citing *Casby v.*

*St. Charles Parish Sheriff's Office*, No. 14-1706, 2014 U.S. Dist. LEXIS *4–5, 2014 WL

6684947 (E.D. La. 2014).  Accordingly, the Court will not order the Clerk's Office to comply

with Plaintiff's request.

Finally, Plaintiff's request for an extension of time to complete service (ECF No. 10) is

**DENIED** without prejudice at this juncture.  As noted, Plaintiff has 90 days to complete service.

He may seek an extension of the service deadline at a later date as necessary.

**III.**

For the reasons stated above, it is **RECOMMENDED** that the Court **GRANT, in part,**

and **DENY, in part**, the motion for leave to file a Third Amended Complaint, more

appropriately deemed a Second Amended Complaint, (ECF No. 11)**.**  Specifically, it is

**RECOMMENDED** that Plaintiff's claims against the Ohio Parole Board, and Governor

DeWine and JoEllen Smith in their official capacities, be **DISMISSED** pursuant to 28 U.S.C.

1915(e)(2)(B) based on Eleventh Amendment immunity and that his claims against Governor

Dewine and JoEllen Smith in their personal capacities be **DISMISSED** pursuant to 28 U.S.C.

1915(e)(2)(B) for failure to state a claim upon which relief can be granted.  It is further

**RECOMMENDED** that Plaintiff be permitted to proceed with his remaining claims relating to

the alleged denial of his Equal Protection and Due Process rights**.**  The Clerk is **DIRECTED** to

detach and file the Second Amended Complaint attached to Plaintiff's motion.  (ECF No. 11-1.)

Plaintiff is **ADVISED** that he must submit all service documents, including copies of the Second

Amended Complaint, summonses, and US Marshal service forms for each remaining Defendant

if he intends for the United States Marshal to make service.  Plaintiff is **FURTHER ADVISED**

that he has **NINETY (90) DAYS** in which to effect service of process.  *See* Fed. R. Civ. P. 4(m).

Plaintiff's motion for service and for an extension of time (ECF Nos. 9, 10) are **DENIED,** as set forth above.

The Clerk is **DIRECTED** to mail 5 USM-285 forms to the Plaintiff. The Clerk is **FURTHER DIRECTED** to send a copy of this Order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

   **IT IS SO ORDERED.**


Date: May 24, 2021                              /s/ *Elizabeth A. Preston Deavers*
                                         ELIZABETH A. PRESTON DEAVERS
                                         UNITED STATES MAGISTRATE JUDGE