UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Lance Pough,**

    **Plaintiff,**

**v.**

**Mike DeWine, et al.,**

    **Defendants.**

Case No. 2:21-cv-880

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

This is a prisoner civil rights case in which Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff moved for leave to file a third amended complaint, Mot., ECF No. 11, which Magistrate Judge Deavers properly construed as one for leave to file a second amended complaint. Order and R&R, ECF No. 19.

Magistrate Judge Deavers issued an Order and Report and Recommendation ("R&R") regarding Plaintiff's motion. Order and R&R, ECF No. 19. She granted Plaintiff leave to file his Second Amended Complaint, but, upon initial screen under 28 U.S.C. § 1915(e), she recommended the Court dismiss in part some of the claims therein. R&R, ECF No. 19. Specifically, the R&R recommended the Court dismiss Plaintiff's claims against the Ohio Parole Authority because that entity is immune from suit as an arm of the State of Ohio. *Id.* at 4. Moreover, the R&R recommended dismissing Plaintiff's claims against Governor Mike DeWine ("Governor DeWine") because the Second Amended

Complaint fails to allege any personal involvement by Governor DeWine. *Id.* at 5–6. Similarly, the R&R recommended dismissing Plaintiff's claims against JoEllen Smith because the allegations in the Second Amended Complaint fail to allege any personal involvement and therefore do not state a claim against her. *Id.* at 6–7. On the other hand, the R&R recommended permitting Plaintiff's additional Equal Protection and Substantive Due Process claims against the individual Parole Board members to proceed. *Id.* at 7.

Magistrate Judge Deavers thereafter advised the parties of their right to object to the Order and R&R and of the consequences of failing to do so. Order, ECF No. 22. The parties were specifically advised that the failure to object to the R&R would result in a waiver of the right to *de novo* review by the Undersigned as well as a right to appeal the decision of the Undersigned adopting the R&R. *Id.* Furthermore, the notice advised the parties that appellate review of issues addressed in the R&R but not specifically addressed in any objection thereto is waived. *Id.* Plaintiff timely objected. Obj., ECF No. 25.

The R&R was issued pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff objects only that the R&R references the incorrect date of filing of this case. Obj. 2, ECF No. 25. Plaintiff contends that he signed and dated the original Complaint and placed it in the prison mailbox on approximately January 20, 2021, not on March 1, 2021, which is the date referenced in the R&R. Obj. 2, ECF No. 25.

This objection is overruled as irrelevant. The R&R's reference to this action being commenced on March 1, 2021, which is the date reflected on the docket, has no bearing on whether the Court should dismiss in part the claims contained within the Second Amended Complaint.

Plaintiff's motion to clarify, ECF No. 28, is **DENIED AS MOOT**. Magistrate Judge Deavers will issue another Order concerning service of process for Plaintiff's Second Amended Complaint.

Accordingly, Plaintiff's objection is **OVERRULED**, and the R&R is **ADOPTED**. Plaintiff's claims against the Ohio Parole Board, Governor DeWine, and JoEllen Smith are **DISMISSED**. Plaintiff is permitted to proceed with the remaining claims in the Second Amended Complaint.

The Clerk shall terminate ECF Nos. 11, 19, and 28 as pending motions.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**