IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| LANCE POUGH, | : | Case No. 2:21-CV-880 |
| Plaintiff, | : | District Judge Michael H. Watson |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| MIKE DEWINE, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff, an Ohio inmate proceeding *in forma pauperis* and without the assistance of counsel, filed this civil rights action under 42 U.S.C. § 1983. Alleging that members of the Ohio Parole Board ("OPB") impermissibly used his race as a factor when deciding to deny his application for parole and to impose a ten-year waiting period before he can apply again, he has asserted claims for violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. (Complaint, Doc. #20.)

This matter has been referred to the undersigned Magistrate Judge to issue a Report and Recommendations on Plaintiff's Motion to Strike Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f). ("Motion," Doc. No. 44). Plaintiff has requested an order striking nine affirmative defenses set forth in the Answer of Defendants Kovach, Reveal and Houk. ("Answer," Doc. No. 34). The Motion is unopposed.

1

For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's Motion be granted in its entirety.

## I. PLAINTIFF'S MOTION

Defendants Kovach, Reveal and Houk (collectively "Defendants") filed a joint answer with numerous affirmative defenses. (Answer, Doc. No. 34, PageID #402-04).

Plaintiff has moved, under Federal Rule of Civil Procedure 12(f), to strike nine of them. The affirmative defenses at issue are (as they are numbered in the Answer): (15) failing to exhaust administrative remedies related to [Plaintiff's] Americans with Disabilities Act claims; (16) res judicata and collateral estoppel; (17) "the *Leaman* doctrine" (presumably referring to *Leaman v. Ohio Dept. of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987)); (18) mootness; (20) failure to name an indispensable party without whom complete relief is not possible pursuant to Fed. R. Civ. P. 19; (22) unclean hands; (24) supervening, intervening acts or omissions not under the control of Defendants, including, but not limited to, Plaintiff's own actions or failures to act; (31) contributory negligence; and (33) a reservation of rights to assert such additional affirmative defenses as they may become apparent during the course of this case. (Motion, Doc. No. 44, PageID #444-48; Answer, Doc. No. 34, PageID #403-04.)

As to each affirmative defense, Plaintiff argues that it is unsupported by any factual allegations and lacks plausibility, and therefore should be struck under the pleading standard discussed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Motion, Doc. No. 44, PageID #444-48.)

Defendants have not opposed the Motion.

## II. LEGAL STANDARD & ANALYSIS

Defendants bear the burden of proving their affirmative defenses. However, they are not required to describe facts supporting those affirmative defenses in their Answer. Instead, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient … as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274)). Therefore, contrary to Plaintiff's argument, affirmative defenses do not need to satisfy the Rule 12(b)(6) pleading standard.

Nevertheless, Federal Rule of Civil Procedure 12(f) does allow the Court to strike "insufficient defenses" from pleadings. The purpose of the Rule is to allow parties to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (internal quotations and citation omitted).

The Sixth Circuit has held that district courts should strike an affirmative defense where "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal quotations and citation omitted). Similarly, district courts should strike affirmative defenses that lack merit as a matter of law. *See, e.g., id*. at 1055 (holding that the district court should have granted a motion to strike a legally deficient affirmative defense); *Hemlock Semiconductor Ops., LLC v. SolarWorld Indus. Sachsen GmbH*, 867

3

F.3d 692, 697-98 (6th Cir. 2017) (affirming decision to strike affirmative defenses that were not legally viable).

### A. Failure to Exhaust Administrative Remedies for ADA Claims

Plaintiff has moved to strike the Defendants' affirmative defense of "(15) failing to exhaust administrative remedies related to [Plaintiff's] Americans with Disabilities Act claims." (Motion, Doc. No. 44, PageID #448; Answer, Doc. No. 34, PageID #403.)

Plaintiff's request is well-taken. The Complaint does not assert any claims under the Americans with Disabilities Act ("ADA"). Instead, Plaintiff has asserted federal constitutional claims under 42 U.S.C. § 1983 based upon the allegedly discriminatory use of racial criteria when making decisions about parole. Since Plaintiff has not pled any claims under the ADA, this affirmative defense lacks merit and the undersigned RECOMMENDS that it be stricken.[1]

### B. Res Judicata / Collateral Estoppel

Plaintiff has moved to strike the Defendants' affirmative defense of "(16) res judicata and collateral estoppel." (Motion, Doc. No. 44, PageID #444; Answer, Doc. No. 34, PageID #403.)

Res judicata, also referred to as claim preclusion, "is the doctrine … by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action …." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). Collateral estoppel, also

---

[1] Notably, Plaintiff did not move to strike Defendants' affirmative defense for failure to exhaust administrative remedies "with regard to all claims against Defendants raised in the Second Amended Complaint." (Doc. No. 34, PageID #403). Therefore, Defendants will retain a failure-to-exhaust defense for all claims that were, in fact, pled.

4

referred to as issue preclusion, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action …." *Id*. at 661. Although they are different, the doctrines of res judicata and collateral estoppel have this requirement in common: they can only apply if a lawsuit or issue was previously litigated and decided.

Here, there is no indication that either doctrine applies. Specifically, there is no indication in the Complaint, Answer or otherwise (since Defendants did not oppose the Motion) that the issues raised in this lawsuit, or that a lawsuit filed by Plaintiff against Defendants, was previously litigated and decided. Therefore, this affirmative defense lacks merit and the undersigned RECOMMENDS that it be stricken.

C. **"The *Leaman* Doctrine"**

Plaintiff has moved to strike the Defendants' affirmative defense of "(17) the *Leaman* doctrine." (Motion, Doc. No. 44, PageID #444; Answer, Doc. No. 34, PageID #403.)

Although it is not described further in the Complaint, this defense presumably refers to *Leaman v. Ohio Dept. of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987). In *Leaman*, the Sixth Circuit upheld a waiver based upon this provision of the Ohio Court of Claims Act: "Except in the case of a civil action filed by the state, filing a civil action in the **court of claims** results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee." R.C. 2743.02(A)(1) (emphasis added).

There is no indication that Plaintiff previously sued these Defendants in the Ohio Court of Claims. Nor is there any indication that Plaintiff filed such a lawsuit for "the

same act or omission" alleged in the Complaint, namely, applying racially discriminatory standards in parole decisions in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. Defendants did not provide any such indication in their Answer or otherwise, since they failed to oppose the Motion. Accordingly, the undersigned Magistrate Judge RECOMMENDS that this affirmative defense be stricken.

### D. Mootness

Plaintiff has moved to strike the Defendants' affirmative defense of "(18) mootness." (Motion, Doc. No. 44, PageID #445; Answer, Doc. No. 34, PageID #403.)

"A case is moot when the issues presented are 'no longer live' or the 'parties lack a legally cognizable interest in the outcome." *Rice v. Village of Johnstown*, 30 F.4th 584, 594 (6th Cir. 2022) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2018)). If a case is moot, then the Court lacks the necessary jurisdiction to decide it. *Aaron v. O'Connor*, 914 F.3d 1010, 1015 (6th Cir. 2019).

Here, this case could conceivably become moot (at least with respect to the request for injunctive relief) if Defendants were to voluntarily grant Plaintiff's request for a parole hearing and conduct it without the use of impermissible race-based decision-making. There is no indication that this has happened or will happen. Moreover, since mootness is a jurisdictional issue, it can be raised at any time even if it is not pled as an affirmative defense. Fed. R. Civ. P. 12(b)(1) & (h)(3). Therefore, the undersigned Magistrate Judge RECOMMENDS that this affirmative defense be stricken.

### E. Required Joinder (Rule 19)

Plaintiff has moved to strike the Defendants' affirmative defense of "(20) failure to name an indispensable party without whom complete relief is not possible" pursuant to Fed. R. Civ. P. 19. (Motion, Doc. No. 44, PageID #444; Answer, Doc. No. 34, PageID #403.)

A party is "necessary" for purposes of Federal Rule of Civil Procedure 19(a)(1)(A) if, "in that person's absence, the court cannot accord complete relief among existing parties." The mere fact that other persons may be liable to Plaintiff, as in the case of joint tortfeasors, does not make them necessary parties. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001). Moreover, if a third party is argued to be liable to one or more of the Defendants, then Defendants have the ability to bring that third party into this litigation via a third-party complaint. Fed. R. Civ. P. 14.

Based upon the allegations in the Complaint, the undersigned Magistrate Judge cannot conceive of a reason why it is necessary to join additional defendants pursuant to Federal Rule of Civil Procedure 19. And the Defendants have not provided any reason, since they failed to oppose the Motion. Therefore, because this affirmative defense appears to be legally deficient, the undersigned RECOMMENDS that it be stricken.

### F. Unclean Hands

Plaintiff has moved to strike the Defendants' affirmative defense of "(22) unclean hands." (Motion, Doc. No. 44, PageID #444-48; Answer, Doc. No. 34, PageID #403.)

"The doctrine of unclean hands is an equitable concept that allows a court to deny injunctive or declaratory relief when 'the party applying for such relief is guilty of

7

conduct involving fraud, deceit, unconscionability, or bad faith *related to the matter at issue to the detriment of the other party.*'" *Sakhawati v. Lynch*, 839 F.3d 476 (6th Cir. 2016) (citations omitted) (emphasis in original). Here, Defendants would need to show that Plaintiff engaged in some type of fraud, deceit, bad faith, or unconscionable conduct with respect to his parole application, to the detriment of Defendants.

Given the nature of Plaintiff's allegations—that Defendants unlawfully used his race as a factor when making adverse parole-related decisions—there is simply no conceivable basis for Defendants to assert an unclean-hands defense against Plaintiff. Therefore, the undersigned RECOMMENDS that this affirmative defense be stricken.

### G. Intervening Acts

Plaintiff has moved to strike the Defendants' affirmative defense of "(24) supervening, intervening acts or omissions not under Defendants' control, including Plaintiff's actions or failures to act." (Motion, Doc. No. 44, PageID #444-48; Answer, Doc. No. 34, PageID #403.)

This affirmative defense invokes the general rule that a defendant may only be held liable to the extent that his action or inaction proximately caused the plaintiff's injuries. *NOCO Co. v. OJ Commerce, LLC*, 35 F.4th 475 (6th Cir. 2022). An intervening act (e.g., an act by someone other than the defendant) could constitute an additional proximate cause of the injury or, in some cases, could "break the causal chain." *Id*. Courts must also consider whether the intervening act was reasonably foreseeable; if so, then the original defendant may be liable even if that act broke the causal chain. *Id*.

8

This affirmative defense is typically asserted in tort actions, not constitutional challenges. Assuming *arguendo* that it is a proper defense in constitutional cases, it does not apply here. The individual Defendants are members of the Ohio Parole Board, which decided Plaintiff's application and issued the adverse decisions being challenged here. It is difficult to conceive of what intervening acts or omissions could have occurred that were not under Defendants' control and that could shield Defendants from liability. There are no indications in the Complaint, Answer, or otherwise (since Defendants did not oppose the Motion) of facts that could possibly give rise to this affirmative defense. Therefore, the undersigned RECOMMENDS that it be stricken.

### H. Contributory Negligence

Plaintiff has moved to strike the Defendants' affirmative defense of "(31) contributory negligence." (Motion, Doc. No. 44, PageID #444-48; Answer, Doc. No. 34, PageID #404.)

This affirmative defense plainly does not apply. "In order to reach the issue of contributory negligence, a plaintiff must first establish a *prima facie* case of the defendant's negligence." *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 909 (6th Cir. 2006). Plaintiff has not sued Defendants for negligence. Therefore, this affirmative defense is legally deficient and the undersigned RECOMMENDS that it be stricken.

### I. Reservation of Rights

Finally, Plaintiff has moved to strike the following language: "(33) Defendants reserve the right to assert such additional affirmative defenses as they may become

apparent during the course of this case." (Motion, Doc. No. 44, PageID #445; Answer, Doc. No. 34, PageID #404.)

Although this boilerplate reservation-of-rights language is commonly included in answers, its function is unclear. It is not an affirmative defense. Nor is it necessary or effective to include this language for the stated purpose: namely, to allow the pleader to amend the answer in the future to assert additional affirmative defenses. Any party who seeks to amend a pleading must comply with Federal Rule of Civil Procedure 15(a) by taking one of the following actions: amend the pleading within 21 days of serving it, obtain the opposing party's written consent, or obtain leave of court. None of those requirements can be avoided by including this reservation-of-rights language.

Accordingly, although the challenged language is not an affirmative defense, it is immaterial for purposes of Federal Rule of Civil Procedure 12(f). *See Miholich v. Senior Life Ins. Co.*, No. 21-cv-1123, 2022 U.S. Dist. LEXIS 86543, *21-22 (S.D. Cal. May 12, 2022). Therefore, the undersigned RECOMMENDS that it be stricken.

### III.  CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the following portions of the Answer be STRICKEN:

1. "15.  Plaintiff's Second Amended Complaint fails for failing to exhaust administrative remedies related to his Americans with Disabilities Act claims."

2. "16.  Plaintiff's Second Amended Complaint fails due to the doctrines of *res judicata* and *collateral estoppel*."

3. "17. Plaintiff's Second Amended Complaint fails due to the *Leaman* doctrine."

4. "18. Plaintiff's Second Amended Complaint fails due to the doctrine of mootness."

5. "20. Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 19 for failure to name an indispensable party without whom complete relief is not possible."

6. "22. Plaintiff is barred from any equitable relief due to the application of the unclean hands doctrine."

7. "24. Plaintiff's Second Amended Complaint is barred, in whole or in part, by supervening, intervening acts or omissions not under the control of Defendants, including, but not limited to, Plaintiff's own actions or failures to act, in whole or in part."

8. "31. Plaintiff's Second Amended Complaint is barred by the doctrine of contributory negligence."

9. "33. Defendants reserve the right to assert such additional affirmative defenses as they may become apparent during the course of this case."

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Fed. R. Civ. P. 72(b). The Court may extend the 14-day objections

period if a timely motion for extension is filed. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.

A District Judge will make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. Upon proper objection, the District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED.**

      */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge