**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

LANCE POUGH,                          :  Case No. 2:21-cv-00880
                                      :
      Plaintiff,                     :  District Judge Michael H. Watson
                                      :  Magistrate Judge Caroline H. Gentry
vs.                                   :
                                      :
MIKE DEWINE, et al.,                  :
                                      :
      Defendants.                    :

## REPORT AND RECOMMENDATIONS

Plaintiff, an Ohio inmate proceeding *in forma pauperis* and without the assistance of counsel, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that members of the Ohio Parole Board impermissibly used his race as a factor when they denied his application for parole and imposed a ten-year waiting period before he can apply again, in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. (ECF No. 20.)

This matter has been referred to the undersigned Magistrate Judge to issue a Report and Recommendations on Plaintiff's Motions to Strike Affirmative Defenses. In his first Motion (ECF No. 66) Plaintiff seeks to strike ten defenses in Defendant Rauschenberg's Answer (ECF No. 56). In his second Motion (ECF No. 72), Plaintiff seeks to strike ten defenses in Defendant Thalheimer's Answer (ECF No. 59-1 & 97).[1]

---

[1] Plaintiff directed his Motion to Strike toward the proposed answer attached to Defendant Thalheimer's Motion for Leave To File Answer Instanter (ECF No. 59-1). Although the Court granted the Motion for Leave by notation order on July 22, 2022, the Clerk did not file the Answer until February 8, 2023 (ECF No. 97).

**A.** **Recommendation To Deny Plaintiff's Motions To Strike Nine Affirmative Defenses As Moot**

This Court previously granted a nearly-identical Motion to Strike Affirmative Defenses (ECF No. 44) that Plaintiff filed with respect to another Answer in this case. *See* ECF No. 62 (Report and Recommendations by Gentry, M.J.), adopted by ECF No. 64 (Order by Watson, D.J.). In recognition of that fact, Defendants Rauschenberg and Thalheimer voluntarily ***withdrew*** the nine affirmative defenses that were stricken from their co-Defendants' Answer. (ECF No. 69.) Therefore, to the extent that Plaintiff's pending Motions to Strike address these nine affirmative defenses, the undersigned RECOMMENDS that the Motions to Strike be DENIED as moot.

**B.** **Recommendation to Grant Plaintiff's Motions To Strike The Tenth Affirmative Defense**

In the pending Motions to Strike, unlike in his prior Motion to Strike, Plaintiff also seeks an order striking the following affirmative defense from both Answers:

> 42 U.S.C. § 1997e(a) demands dismissal of Plaintiff's Second Amended Complaint because he failed to exhaust available administrative remedies with regard to all claims against Defendant raised in the Second Amended Complaint.

(ECF No. 56 at 3, PageID 497; ECF No. 97 at 3, PageID 989.) Plaintiff argues that there is no exhaustion requirement for constitutional challenges to parole board decisions. (ECF No. 66 at 6, PageID 609.) Defendants have not addressed this affirmative defense, or Plaintiff's challenge to it, in their Response (ECF No. 69).

For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's Motions to Strike be GRANTED with respect to this tenth affirmative defense.

2

### 1.    *Legal standard*

Although Defendants bear the burden of proving their affirmative defenses, they are not required to describe facts supporting those affirmative defenses in their Answers. Instead, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient … as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274)).

Nevertheless, Federal Rule of Civil Procedure 12(f) does allow the Court to strike insufficient defenses from pleadings. The purpose of the Rule is to allow parties to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (internal quotations and citation omitted). This Court should strike an affirmative defense where "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal quotations and citation omitted). This Court should also strike affirmative defenses that lack merit as a matter of law. *See, e.g., id*. at 1055 (holding that the district court should have granted a motion to strike a legally deficient affirmative defense); *Hemlock Semiconductor Ops., LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697-98 (6th Cir. 2017) (affirming decision to strike affirmative defenses that were not legally viable).

##### 2. *Analysis*

The challenged affirmative defense asserts that Plaintiff's claims should be dismissed for failing to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. (ECF No. 56 at 3, PageID 497; ECF No. 97 at 3, PageID 989.) The PLRA bars prisoners from filing federal lawsuits under 42 U.S.C. § 1983 "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

This affirmative defense lacks merit for two reasons. First, Plaintiff's claims challenge the constitutionality of Defendants' decisions relating to parole, not prison conditions. Second, there are no administrative remedies available to challenge decisions made by the Ohio Parole Board. *See* Ohio Admin. Code § 5120-9-31(B) ("[M]atters that are not grievable include complaints related to . . . decisions of the adult parole authority"), *cited in Dotson v. Wilkinson*, No. 3:00-cv-7303, 2006 U.S. Dist. LEXIS 104798, *7-8 (N.D. Ohio Apr. 27, 2006) (holding that Ohio plaintiffs challenging the constitutionality of parole decisions are not required to exhaust administrative remedies). Instead, Ohio prisoners who seek to challenge the constitutionality of parole decisions may file declaratory judgment actions in state court. *State ex rel. Adkins v. Capots*, 46 Ohio St. 3d 187, 188, 546 N.E.2d 412 (1989). For both reasons, the PLRA does not require Plaintiff to exhaust administrative remedies prior to filing this lawsuit.

Accordingly, the undersigned concludes that Plaintiff's Motions to Strike this affirmative defense are well-taken, and RECOMMENDS that they be GRANTED.

### C.     Conclusion

In sum, the undersigned RECOMMENDS that the Plaintiffs' Motions to Strike Affirmative Defenses (ECF Nos. 66 & 72) be GRANTED IN PART and DENIED IN PART.

The Motions are recommended to be GRANTED to the extent that they seek to strike the following affirmative defense from the Answers of Defendant Rauschenberg (ECF No. 56) and Defendant Thalheimer (ECF No. 97): "42 U.S.C. § 1997e(a) demands dismissal of Plaintiff's Second Amended Complaint because he failed to exhaust available administrative remedies with regard to all claims against Defendant raised in the Second Amended Complaint."

The Motions are recommended to be DENIED as moot in all other respects.

**IT IS SO RECOMMENDED.**


*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a

memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).