**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

LANCE POUGH,                                      :       Case No. 2:21-cv-00880
                                                  :
       Plaintiff,                         :       District Judge Michael H. Watson
                                                  :       Magistrate Judge Caroline H. Gentry
vs.                                               :
                                                  :
MIKE DEWINE, et al.,                              :
                                                  :
       Defendant.                         :
                                                  :

---

## DECISION & ORDER

Plaintiff, an Ohio inmate proceeding *in forma pauperis* and without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983. Alleging that members of the Ohio Parole Board ("OPB") impermissibly used his race as a factor when deciding to deny his application for parole and to impose a ten-year waiting period before he could apply again, Plaintiff has asserted violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. (Complaint, ECF No. 20.)

This matter has been referred to the undersigned Magistrate Judge to rule upon the following pending motions: Plaintiff's Motion to Compel (ECF No. 58); Plaintiff's Motion for Subpoena Duces Tecum (ECF No. 60); Plaintiff's Motion Pursuant to 59(B)(2)(e) of Fed. Rules of Civil Procedure (ECF No. 74); Plaintiff's Motion for Subpoena Duces Tecum (ECF No. 75); Plaintiff's Motion to Voluntarily Dismiss Pursuant to Fed. Civ. Rule Procedure 41 (ECF No. 77); Plaintiff's Motion to Consider

1

Revisions (ECF No. 78); Plaintiff' Motion Requesting Additional Time for Discovery (ECF No. 79); Plaintiff's Motion for Subpoena Duces Tecum (ECF No. 81); Plaintiff's Motion to Compel (ECF No. 83); Defendants' Motion to Strike (ECF No. 85); Plaintiff's Amended Motion for Subpoena Duces Tecum (ECF No. 90); Plaintiff's Amended Motion to Compel (ECF No. 92); Defendants' Motion to Strike (ECF No. 96); Plaintiff's Motion to Strike (ECF No. 100); Plaintiff's Motion Requesting Permission to Withdraw Certain Discovery Requests (ECF No. 102); Plaintiff's Amended Motion for Subpoena Duces Tecum (ECF No. 105); Plaintiff's Motion for Leave to File Motion in Reply (ECF No. 108); and Plaintiff's Motion to Supplement Amended Motion to Compel (ECF No. 109). The Court addresses each of these motions below.

## I. PLAINTIFF'S MOTION PURSUANT TO RULE 59(B)(2)(e) (ECF NO. 74) AND PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS (ECF NO. 77)

On September 27, 2022, Plaintiff filed a document captioned Motion Pursuant to 59(B)(2)(e) of Fed. Rules of Civil Procedure. (ECF No. 74.) On October 21, 2022, Plaintiff filed a document captioned, in part, Motion to Voluntarily Dismiss. (ECF No. 77.) Although Plaintiff's latter motion cites to Fed. R. Civ. P. 41, its plain language requests not dismissal *of the action* under that rule, but rather "dismissal" of Plaintiff's Motion Pursuant to 59(B)(2)(e). The Court therefore construes Plaintiff's Motion to Voluntarily Dismiss as a request to withdraw Plaintiff's Motion Pursuant to 59(B)(2)(e). *See, e.g.*, *Lamb v. Howe*, 677 F. App'x 204, 207 (6th Cir. 2017) (the filings of *pro se* litigants should be liberally construed).

2

Accordingly, the Court **GRANTS** Plaintiff's Motion to Voluntarily Dismiss (ECF No. 77), which it construes as a motion to withdraw Plaintiff's earlier-filed motion, and the Court **DENIES** Plaintiff's Motion Pursuant to 59(B)(2)(e) (ECF No. 74) **AS MOOT**.

## II. PLAINTIFF'S MOTION TO CONSIDER REVISIONS (ECF NO. 78) AND MOTION REQUESTING PERMISSION TO WITHDRAW CERTAIN DISCOVERY REQUESTS (ECF NO. 102)

On October 24, 2022, Plaintiff filed a document titled "Motion Requesting This Honorable Court to Consider the Included Revisions to EX:A3 Attached to and Regarding the Motion to Compel." (ECF No. 78.) That Motion sought to revise certain portions of Plaintiff's First Set of Requests for Production of Documents. (*Id.*, PageID 707). However, as Defendants correctly note (ECF No. 80, PageID 727), Plaintiff may amend his document requests as of right. Therefore, contrary to Defendants' suggestion (*id.*), the Court does not construe Plaintiff's Motion as seeking leave of Court. Rather, the Court understands Plaintiff's Motion to request that the Court consider such revisions when ruling upon Plaintiff's underlying Motion to Compel. *See, e.g.*, *Lamb v. Howe*, 677 F. App'x 204, 207 (6th Cir. 2017) (the filings of *pro se* litigants should be liberally construed). Therefore, the Court **GRANTS** Plaintiff's Motion To Consider Revisions (ECF No. 78).

On February 13, 2023, Plaintiff filed a document titled "Motion Requesting Permission to Withdraw Certain Discovery Requests or as an Alternative, Plaintiff Requests Not to Consider Due to Them being Duplicative." (ECF No. 102.)  However, Plaintiff may withdraw his discovery requests without leave of court. *See, e.g.*, *McNamee v. Nationstar Mortgage, LLC*, 2021 WL 5339533 (S.D. Ohio 2021) (Vascura, M.J.)

3

(accepting without question that a plaintiff may freely withdraw discovery requests). Therefore, the Court **GRANTS** Plaintiff's Motion to Withdraw Discovery Requests (ECF No. 102).

## III. PLAINTIFF' MOTION REQUESTING ADDITIONAL TIME FOR DISCOVERY (ECF NO. 79)

On October 31, 2022, Plaintiff filed a Motion Requesting Additional Time for Discovery. (ECF No. 79.) That motion neither references a specific deadline which Plaintiff wishes to extend nor suggests a later date to which such a deadline should be extended. Notably, however, Defendants did not object to Plaintiff's Motion. Therefore, the Court **GRANTS** Plaintiff's Motion Requesting Additional Time for Discovery (ECF No. 79) and will set a discovery deadline by separate order.

## IV. PLAINTIFF'S MOTIONS FOR SUBPOENAS DUCES TECUM

### A. Plaintiff's Motion for Service of Subpoena Duces Tecum Upon Jeremy Pelzer (ECF Nos. 60 and 105)

On June 27, 2022, Plaintiff filed a motion requesting that this Court order service of a subpoena duces tecum upon a non-party, Jeremy Pelzer. (ECF No. 60.) Subsequently, on February 27, 2023, Plaintiff filed an amended version of that same motion. (ECF No. 105.)

As a party proceeding *in forma pauperis*, Plaintiff is entitled to service of subpoenas, at the expense of the United States, by an officer of the Court. 28 U.S.C. §1915(d). The Court will therefore grant the Motion and order that the United States Marshal serve such subpoena at the expense of the United States. However, the Court notes that the amended subpoena filed by Plaintiff directs compliance by March 5, 2023,

which date has already passed. (ECF No. 105-1, PageID 1066.) The Court may *sua sponte* modify a subpoena and finds that such modification would be appropriate in the instant case. *See e.g.*, *Bridgestone Americas, Inc. v. IBM*, 2016 WL 11786198, at *17 (M.D. Tenn. 2016) (collecting cases); *McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-CV-1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2006) (Kemp, M.J.) (fourteen days presumptively reasonable time for response to subpoena).

The Court therefore **ORDERS** that the amended subpoena filed by Plaintiff (ECF No. 105-1, PageID 1066) is modified to require compliance no later than April 30, 2023. With that modification, the Court **GRANTS** Plaintiff's Amended Motion for Subpoena Duces Tecum (ECF No. 105). The United States Marshal shall, without delay, serve the amended subpoena (ECF No. 105-1, PageID 1066-68; Ex. 105-2, PageID 1069-74; Ex. 105-3, PageID 1075-77; and Ex. 105-4, PageID 1078-82) and a copy of this Order on Jeremy Pelzer.[1]

In light of the foregoing, the Court **DENIES AS MOOT** Plaintiff's original Motion for Subpoena Duces Tecum (ECF No. 60).

### B.    **Plaintiff's Motion for Service of Subpoena Duces Tecum Upon Shirley Smith (ECF No. 75)**

On September 27, 2022, Plaintiff filed a motion requesting that this Court order service of a subpoena duces tecum upon a non-party, Shirley Smith. (ECF No. 75.) As a party proceeding *in forma pauperis*, Plaintiff is entitled to service of subpoenas, at the

---

[1] Because this subpoena does not require Mr. Peltzer's attendance, the fees for one day's attendance and the mileage allowed by law need not be tendered. *See* Fed. R. Civ. P. 45(b)(1). *But see Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) (holding that a party proceeding *in forma pauperis* is not exempt from payment of such fees where applicable).

expense of the United States, by an officer of the Court. 28 U.S.C. §1915(d). The Court

therefore **GRANTS** Plaintiff's Motion for Subpoena Duces Tecum (ECF No. 75). The

United States Marshal shall, without delay, serve the proposed subpoena (ECF No. 75-1,

PageID 680-83 & ECF No. 75-2, PageID 683-696) and a copy of this Order on Shirley

Smith.

### C.   Plaintiff's Motion for Service of Subpoena on the Ohio Department of Rehabilitation and Corrections (ECF No. 81)

On November 21, 2022, Plaintiff filed a motion requesting that this Court order

service of a subpoena duces tecum upon a non-party, the Ohio Department of

Rehabilitation and Corrections (ODRC). (ECF No. 81.) On December 12, 2022,

Defendants filed a document entitled Motion to Strike Pough's Motion for Subpoena.

(ECF No. 85.) To the extent that those motions required action by the Court, the Court

finds that they are made moot by the subsequent filing of Plaintiff's Amended Motion for

Subpoena Duces Tecum (ECF No. 90), which seeks identical relief but attempts to

address Defendants' assertions that Plaintiff's initial motion (ECF No. 81) failed to

comply with the requirements of Fed. R. Civ. P. 45. The Court therefore **DENIES AS**

**MOOT** Plaintiff's initial Motion for Subpoena Duces Tecum (ECF No. 81) and

Defendant's Motion to Strike Pough's Motion for Subpoena (ECF No. 85).

In response to Plaintiff's Amended Motion for Subpoena Duces Tecum (ECF No.

90), Defendants filed a document entitled Motion to Strike Plaintiff's Amended Motion

for Subpoena (ECF No. 96). That document argued that Plaintiff "procedurally defaulted

when he filed his motion [ECF No. 81] by failing to comport with Fed. R. Civ. P. 45,"

and further argues that "the materials that [Plaintiff] did attach to his Motion, do not demonstrate relevance to matters in this case."

Fed. R. Civ. P. 12(F), which governs motions to strike, provides that "[t]he court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added). "A . . . motion to strike is appropriate where it will eliminate spurious issues before trial and streamline the litigation." *Parker v. Miller*, No. 2:16-CV-11432017, 2017 WL 3642372, at *10 (S.D. Ohio 2017) (Smith, D.J.). *E.g.*, *Ohio Democratic Party v. Blackwell*, No. 2:04-CV-1055, 2005 WL 8162665 (S.D. Ohio 2005) (Marbley, D.J.) (motion to strike counterclaim); *AT&T Mobility LLC v. Shoukry*, No. 2:21-CV-00436, 2021 WL 3172330 (S.D. Ohio 2021) (Marbley, D.J.) (motion to strike affirmative defense). It is not an appropriate mechanism for challenging a motion for service of a subpoena under 28 U.S.C. §1915(d).

Nor do Defendants have standing to challenge Plaintiff's subpoena to the ODRC. "The law is clear [that], absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty. The party to whom the subpoena is directed is the only party with standing to oppose it." *Hackmann v. Auto Owners Ins. Co.*, 2:05-CV-00876, 2009 WL 330314, at *2–3 (S.D. Ohio 2009) (Abel, D.J.) (cleaned up). This is true even where a subpoena seeks the production of irrelevant information or fails to allow a reasonable time for compliance under Fed. R. Civ. P. 45. *Id.* (citing *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F. R. D. 303 (N.D. Ohio 2002)). *See also, e.g.*, *Santiago v. Myer Tool, Inc.*, No. 1:19-CV-00032, 2020 WL 247376, at *4 (S.D. Ohio 2020) (Litkovitz, M.J.) ("Generally a party has no standing to quash a subpoena directed at a nonparty unless the

party seeking to quash claims a personal right or privilege with regards to the documents sought." (internal citations omitted)).

Defendants assert that "[Plaintiff's] attached proposed subpoena [ECF No. 90, PageID 889], is still not compliant with Fed. R. Civ. P. 45." (ECF No. 96, PageID 985.) Defendants do not specify the provisions of Rule 45 that they believe are violated by Plaintiff's proposed subpoena. More importantly, any such defects would need to be raised in a motion to quash filed by the ODRC, the non-party to whom the subpoena is directed. Accordingly, the Court **DENIES** Defendants' Motion to Strike Plaintiff's Amended Motion for Subpoena (ECF No. 96).

With respect to Plaintiff's underlying Amended Motion for Subpoena Duces Tecum (ECF No. 90), the Court again notes that, as a party proceeding *in forma pauperis*, Plaintiff is entitled to service of subpoenas, at the expense of the United States, by an officer of the Court. 28 U.S.C. §1915(d). The Court will therefore grant Plaintiff's motion and order that the United States Marshal serve such subpoena at the expense of the United States. However, the Court notes that the subpoena filed by Plaintiff directs compliance by January 9, 2023, which date has already passed. (ECF No. 90, PageID 889.) The Court again finds that *sua sponte* modification of a subpoena is appropriate in the instant case. The Court therefore **ORDERS** that the subpoena filed by Plaintiff (ECF No. 90, PageID 889) is modified to order a response no later than April 30, 2023. With that modification, the Court **GRANTS** Plaintiff's Motion for Subpoena Duces Tecum (ECF No. 90). The United States Marshal shall, without delay, serve the subpoena (ECF

No. 90, PageID 889-904) and a copy of this Order on the Ohio Department of

Rehabilitation and Corrections.

## V.     PLAINTIFF'S FIRST MOTION TO COMPEL (ECF NO. 58)

### A.     <u>Background</u>

The record before the Court indicates the following relevant facts. On January 23,

2022, Plaintiff, via First Class U.S. Mail, served a First Set of Requests for Production of

Documents ("First RPD") upon defense counsel pursuant to Fed. R. Civ. P. 34. (ECF No.

58-A3, PageID 524.)[2] Pursuant to Fed. R. Civ. P. 23(b)(2)(A), that request afforded

Defendants thirty days to respond. (*Id.*)

Having received no response, on March 12, 2022, Plaintiff sent defense counsel a

letter "requesting an update on whether or not [Defendants were] going to comply". (ECF

No. 58-A4, PageID 529.) On March 22, 2022, defense counsel responded by apologizing

for the delay and attributing that delay, in part, to unexpected turnover in both legal and

support staff. (ECF No.58-A5, PageID 531.) Defense counsel requested an additional

thirty days in which to comply with Plaintiff's First RPD. (*Id.*)  Although the record is

somewhat unclear (*see* ECF No. 58-A6, PageID 532 ("*In the alternative*, I *can* . . . give

you an additional 30 days to respond . . . "(emphasis added))), Plaintiff appears to have

granted Defendants' request for thirty-day extension. (ECF No. 58, PageID 505.)

Following additional correspondence between the parties, on June 13, 2022,

Plaintiff filed a Motion to Compel ("First Motion to Compel") that alleged he had yet to

---

[2] Although titled "First Request for Production of Documents," some of Plaintiff's requests are more accurately construed as interrogatories.

receive any response to his First RPD, which he had served upon Defendants more than four months ago. (ECF No. 58, PageID 504.)

On July 19, 2022, Defendants filed a Response in Opposition to the First Motion to Compel. (ECF No. 63, PageID 593.) Even though their extended deadline to respond to Plaintiff's First RPD had expired approximately three months before, Defendants conceded that they had not yet responded to Plaintiff's First RPD. (*Id.*) They indicated that they planned to mail Plaintiff responses from at least some of the named Defendants on the following day. (*Id.*) In other words, Defendants did not respond to Plaintiff's First RPD until after Plaintiff contacted them, granted them a 30-day extension, followed up with additional correspondence, and finally filed a Motion to Compel.

On January 19, 2023, Plaintiff filed a document entitled Amended Motion to Compel. (ECF No. 92.) Despite its title, that document does not appear to request any substantive relief, but rather identifies Plaintiff's revisions to certain document requests, as well as his responses to some of Defendants' objections. Defendants, in turn, filed a document captioned as a Response in Opposition to Plaintiff's Amended Motion to Compel. (ECF No. 93.) That document argues that "[Plaintiff] is not entitled to materials that do not exist, that the Defendants are under no obligation to create or prepare, [and] materials that are non-relevant or hearsay." (*Id.*, PageID 953.) Defendants also address the merits of Plaintiff's claims (*id.*, PageID 954–56), his litigation history, and his

10

criminal history (*id.*, PageID 959–60). Finally, Defendants ask this Court to "issue an Order to stem [Plaintiff's] frivolous discovery demands." (*Id.*, PageID 960.)[3]

On February 10, 2023, Plaintiff filed a Motion to Strike the Defendants' Response in Opposition to Plaintiff's Amended Motion to Compel. (ECF No. 100.) Plaintiff argues, in essence, that his Motion to Compel (ECF No. 58) and his Amended Motion to Compel (ECF No. 92) constitute a single filing, and that by filing responses to *each* of those motions (ECF No. 63 and 93), Defendants filed "an improper surresponse". (ECF No. 100, PageID 1001.) On those grounds, Plaintiff moves this Court to strike Defendants' Response in Opposition (ECF No. 93) from the record.

On March 10, 2023, Plaintiff filed a Motion for Leave to File Motion in Reply to the Defendant's [sic] Motion in Opposition to Plaintiff's Motion to Compel. (ECF No. 108.) In that document, Plaintiff states that only two discovery requests to Defendants remain pending, namely, Request 1 (for "Plaintiff's master file at Ohio Parole Board") and Request 3 (for "Plaintiff's unit file"). (ECF No. 108, PageID 1092.) Plaintiff also notes his request for "a legible copy of the document [Defendants] provided him with in response to his #23 interrogatory for defendants Houk, Reveal, and Kovach." (*Id.*) In addition, however, Plaintiff challenges Defendants' failure to produce the statistical data sought in Request Nos. 5 through 11, and argues that he is entitled to the data even if it has not been compiled by Defendants. (*Id*, PageID 1092-95.)

---

[3] Because Defendants did not file a motion for protective order, their request for an Order protecting them from Plaintiff's discovery requests is not properly before the Court, and it will not be considered.

Most recently, on March 27, 2023, Plaintiff filed a Motion to Supplement the Amended Motion to Compel. (ECF No. 109.) Although titled as a motion, Plaintiff does not seek separate relief but instead informs the Court that he has yet to receive responses to his revised Requests 1 through 3. (ECF No. 109, PageID 1103 ("The plaintiff brings this request because he sent the defendants revisions to Request No. 1 and Request No. 3 . . . Since then, the plaintiff has not heard anything back from the defendants . . . "))

**B.    Analysis**

Given the interrelated nature of these filings, the Court will address them out of order and will begin with Plaintiff's Motion to Strike (ECF No. 100). "[M]otions to strike are generally disfavored and considered drastic remedies that should be sparingly used by the courts." *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-CV-00015, 2015 WL 10906068, at *1 (S.D. Ohio 2015) (Watson, D.J.) (cleaned up). *See also Newkirk v. Rolf Goffman Martin Lang LLP*, No. 1:19-CV-00085, 2020 WL 13661705, at *1 (S.D. Ohio 2020) (Barrett, D.J.) (the striking of material from the record infringes upon the strong interest of the public in maintaining free access to the materials on which judicial decisions are based). Plaintiff argues that because Defendants filed responses to his *initial* Motion to Compel (ECF No. 58) and to his *amended* Motion to Compel (ECF No. 92), they filed a surreply in violation of S.D. Ohio Civ. Rule 7.2. Plaintiff is incorrect. Because Plaintiff's First Motion to Compel (ECF No. 58) and Amended Motion to Compel (ECF No. 92) are separate motions, Defendants were entitled to respond to both of them. Plaintiff cannot deprive Defendants of an opportunity to oppose his filings and counter his arguments by "amending" motions to which Defendants already responded.

12

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike the Defendant[s'] Response in Opposition to Plaintiff[']s Amended Motion to Compel (ECF No. 100).

Next, the Court turns to Plaintiff's Motion for Leave to File Motion in Reply (ECF No. 108). Plaintiff seeks leave to reply to Defendants' Response in Opposition (ECF No. 93). Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), any reply to that filing was due no later than February 7, 2023. This Court has broad discretion in granting or denying leave to make an untimely filing. *United States v. Elenniss*, 729 Fed. App'x 422, 424 (6th Cir. 2018). Here, the Court finds Plaintiff's update regarding which Requests remain in dispute to be helpful. Thus, the Court **GRANTS** Plaintiff's Motion for Leave to File Motion in Reply to the Defendant's Motion in Opposition to Plaintiff's Motion to Compel (ECF No. 108).

Turning to Plaintiff's Amended Motion to Compel (ECF No. 92), as noted above, the Court does not interpret that filing as seeking any substantive relief. The Court instead interprets it to be a request that the Court take notice that, as of the filing of that Motion, Plaintiff still had not received responses to his revised Requests 1 through 3. *See, e.g.*, *Lamb v. Howe*, 677 F. App'x 204, 207 (6th Cir. 2017). Because it does not seek independent relief, the Court **DENIES** Plaintiff's Amended Motion to Compel (ECF No. 92). The Court will, however, consider Plaintiff's statements in the Amended Motion when deciding the First Motion to Compel.

Finally, the Court turns to the First Motion to Compel. In that Motion, Plaintiff cites *Carfagno v. Jackson National Life Ins. Co.*, 2001 WL 34059032 (W.D. Mich. 2001), for the proposition that, pursuant to Fed. R. Civ. P. 33(b)(2) and 33(b)(2)(A), Defendants' failure to timely respond constitutes a waiver of any objection to Plaintiff's

First RPD. (ECF No. 58, PageID 507.) Plaintiff therefore argues that Defendants must respond to his requests notwithstanding their objections. Defendants argue that *Carfagno* is non-binding and inapposite and instead cite *Brown v. Warden Ross Corr. Inst.*, S.D. Ohio No. 2:10-CV-822, 2011 WL 1877706 (May 16, 2011) (Deavers, M.J.) for the proposition that, upon a showing of good cause for delay, a court may excuse the untimeliness of a party's objection. (ECF No. 63, PageID 594.) Both cases stand for the well-established proposition that although waiver of objection is the *presumptive* result of an untimely response to a discovery request, the Court may, upon a showing of good cause, relieve a party from such a waiver. *Compare Carfagno*, at *1, *with Brown*, at *2.

Defendants' reliance on *Brown* to excuse their untimeliness is unavailing because that case is factually distinguishable. In *Brown*, the defendants' responses were untimely by less than two months, a delay that the court characterized as "minimal". *Brown*, at *2. In this case, Defendants failed to respond for at least six months. Furthermore, it was difficult for the *Brown* defendants to timely respond due to the nature of that plaintiff's requests. *Id*. Here, by contrast, Plaintiff's First RPD contained only fourteen discrete requests. (ECF No. 58-A3, PageID 525.) Thus, *Brown* does not aid Defendants.

Defendants offer a slew of explanations for their six-month delay. They claim that "[Plaintiff's] discovery requests needed to be typed by support staff, drafted by undersigned, vetted by in-house legal counsel and sent to the individual Defendants for review and comment, reviewed again, and then the interrogatories required notarizing." (ECF No. 63, PageID 595). They also claim that between January and July 2022, "the Corrections Litigation Unit of the Criminal Justice Section of this office experienced

numerous personnel changes", including the departure of seven attorneys and one secretary. (*Id*.)

It is doubtful that these explanations constitute good cause for a six-month delay. *See, e.g.*, *Ritacca v. Abbott Lab.*, 203 F. R. D. 332, 335 (N.D. Ill. 2001) ("Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver. In contrast, evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver.") (cited with approval by *Palombaro v. Emery Fed. Credit Union*, No. 1:15-CV-00792, 2017 WL 213071, at *4 (Litkovitz, M.J.)).

Nevertheless, even assuming that Defendants have shown good cause, the Court OVERRULES Defendants' objections with respect to the remaining requests in dispute, namely, Requests 5-11 (statistical data), after construing them as interrogatories rather than (primarily) requests for documents. Requests 5-11 seek the following information:

5. The statistical data of all prisoners (please identify race) who went up for parole was granted parole their first time up for parole and why, for the following years (Jan. 1 of 2011 to Jan. 23 of 2019).

6. The statistical data of all prisoners (please identify the race) who went up for parole and were denied parole and why, and how many times they had been up for parole before and was denied parole for the following years (Jan. 1 of 2011 to Jan. 23 of 2019).

7. The statistical data of all prisoners (please identify the race) who were denied parole and given lengthy, harsh flops, or continuances between the following years: Jan. 1 of 2011 – Jan. 23 of 2019. Please provide the reasons why the prisoners were given these continuances (flops), and the length of each flop.

8. The statistical data of the voting sheets for each prisoner (please identify the race) who was denied parole between Jan. 1 of 2011 to Jan. 23 of 2019. (The Plaintiff as well).

9. The statistical data of the parole board members voting sheets for each prisoner who was denied parole and given a continuance and flop, and the voting sheets related to the continuance and flops for the years of Jan. 1 of 2011 to Jan. 23 of 2019.

10. The statistical data of all prisoners (identify the race) who were granted parole from June 1 of 2019 – September 13 of 2019, as well as the parole board members voting sheets for each case.

11. The statistical data of all prisoners who were (identify the race) denied parole and given a continuance or flop by the Ohio Parole Board, and please provide the length of the flop or continuance for the following years – June 1 of 2019 to September 13 of 2019. Please provide the voting sheets as well.

(ECF 58-2, PageID 525-26 (cleaned up).) With the exception of the request for voting sheets, all of this information can be provided in interrogatory responses rather than by the production of documents. The information is relevant to Plaintiff's claims under the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution, and so is discoverable. Moreover, Defendants can provide this information without identifying prisoners by name.[4] Finally, because the requested data is available to Defendants, they cannot avoid providing the information simply by claiming that they have not already compiled it in existing documents. (ECF No. 80, PageID 722–23.)

Accordingly, the Court **GRANTS** Plaintiff's First Motion to Compel (ECF No. 58) with respect to Requests 5-11, after construing these requests as interrogatories. Based on Plaintiff's representation that Defendants have not responded to Requests 1-3,

---

[4] In their objections, Defendants state that Ohio Administrative Code 5120:1-1-36(E) prohibits Plaintiff from receiving records of other inmates. (ECF No. 80, PageID 723-27.)

the Court **GRANTS** Plaintiff's First Motion to Compel with respect to these requests. Defendants are **ORDERED** to respond to all these requests within thirty (30) days of the date of this Order. Given Plaintiff's representation that no other requests are outstanding, the Court **DENIES AS MOOT** the remainder of Plaintiff's First Motion to Compel. Finally, because it does not seek additional substantive relief, Plaintiff's Motion to Supplement the Amended Motion to Compel (ECF No. 109) is **DENIED**.

## VI.  PLAINTIFF'S SECOND MOTION TO COMPEL (ECF NO. 83)

### A.  <u>Background</u>

The record before the Court indicates the following relevant facts. On April 18, 2022, Plaintiff, via First Class U.S. Mail, served upon defense counsel a Third Set of Requests for Production of Documents, pursuant to Fed. R. Civ. P. 34. (ECF No. 83, PageID 760). On June 21, 2022, Plaintiff, via First Class U.S. Mail, served upon defense counsel a Fourth Set of Requests for Production of Documents, pursuant to Fed. R. Civ. P. 34. (ECF No. 83, PageID 767). Pursuant to Fed. R. Civ. P. 23(b)(2)(A), both Plaintiff's Third and Fourth Set of Requests afforded Defendants thirty days to respond. (*Id.*) Plaintiff asserts that Defendants responded to his Third Set of Requests on July 21, 2022, or ninety-four days after service. Plaintiff further asserts that Defendants responded to his Fourth Set of Requests on September 9, 2022, or eighty days after service. Defendants do not challenge these assertions (*see* ECF No. 86 and 93), which the Court will therefore accept as true.

Subsequently, on November 29, 2022, Plaintiff filed a Second Motion to Compel. (ECF No. 83). In that Motion, Plaintiff concedes that he received responses to his Third

17

and Fourth Sets of Request, as detailed above, but again asserts that, pursuant to Fed. R. Civ. P. 33(b)(2) and 33(b)(2)(A), Defendants' failure to timely respond constitutes a waiver of the objections which they seek to raise. (*Id*., PageID 748.) Plaintiff therefore moves this Court to order that Defendants respond to his requests notwithstanding those objections. In their response in opposition to Plaintiff's motion (ECF No. 86), Defendants do not address their untimely responses or Plaintiff's argument regarding waiver of objection. Rather, Defendants address the propriety of Plaintiff's Requests (*e.g.*, *id*. at PageID 807 ("To the extent that [Plaintiff] seeks specific statistical data, such information has not been compiled and Defendants are under no obligation to create or produce materials that do not exist.")) and the substance of their responses to those requests (*e.g.*, *id*. at PageID 808). In his reply, Plaintiff, *inter alia*, re-emphasizes his argument that Defendants have waived objection to his Second and Third Set of Requests. (*E.g.*, ECF No. 95, PageID 967.)

### B. <u>Analysis</u>

Defendants do not dispute that their responses to Plaintiff's Third and Fourth Set of Requests were untimely. As previously discussed, this delay presumptively constitutes a waiver of any and all objections to Plaintiff's requests. *See, e.g.*, *United States v. Elsass*, No. 2:10–CV–00336, 2011 WL 335957, at *3 (S.D. Ohio 2011) (King, M.J.) ("In general, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." (internal citations omitted)). The Court may, of course, relieve a party of such waiver upon a showing of good cause for delay. *E.g.*, *Brown v. Warden Ross Corr. Inst.*, S.D. Ohio No. 2:10-CV-822, 2011 WL

18

1877706 (May 16, 2011) (Deavers, M.J.), Here, however, Defendants have simply offered no explanation at all. (ECF No. 86.) The Court therefore agrees that Defendants have waived their objections to his Third and Fourth Set of Requests. *See*, *e.g.*, *North Am. Rescue Prods. v. Bound Tree Med., LLC*, 2:08-CV-00101, 2009 WL 4110889, at *19–20 (S.D. Ohio 2009) (Kemp, M.J.). *Accord, e.g.*, *Ritacca v. Abbott Lab.*, 203 F. R. D. 332, 335 (N.D. Ill. 2001) ("[E]vidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver.") (cited with approval by *Palombaro v. Emery Fed. Credit Union*, No. 1:15-CV-00792, 2017 WL 213071, at *4 (Litkovitz, M.J.)). Defendants are reminded that neither Plaintiff's *pro se* status nor their own perception of the frivolity of his claims exempts Defendants from the requirement that they follow the rules.

Plaintiff's Second Motion to Compel concerns two requests for "statistical data," including race, of inmates who committed specific crimes and were denied parole. Specifically, Plaintiff has requested the following information:

> Revised Request #1: Please provide the statistical data for prisoners (please provide the race) with a homicide related crime who was denied parole their first time up (initial hearing) for the years Jan. 23, 2019-June 1, 2019.

> Request F: All statistical data for inmates, please provide race, with a homicide related crime, who was denied parole their first time up for a parole hearing for the years: September 13, 2019 to Jan. 23, 2022. Also please provide all the statistical data for the length of each continuance given to inmate as well.

(ECF No. 83, PageID 749, 751.) Defendants raise the same arguments that they asserted in response to Requests 5-11 in Plaintiff's First RPD. (*Id.*, PageID 749-752.) For the same reasons stated above, the Court **GRANTS** Plaintiff's Second Motion to Compel

19

(ECF No. 83) with respect to Revised Request #1 and Request F, which this Court construes as being interrogatories rather than requests for documents. Defendants are **ORDERED** to respond to these requests within thirty (30) days of the date of this Order.

## VII. CONCLUSION

In sum, for the reasons set forth above, the Court **ORDERS** as follows:

1) The Court **GRANTS** Plaintiff's First Motion to Compel (ECF No. 58) with respect to Requests 5-11, after construing these requests as interrogatories. The Court also **GRANTS** Plaintiff's First Motion to Compel with respect to Requests 1-3. Defendants are **ORDERED** to respond to all these requests within thirty (30) days of the date of this Order. The Court **DENIES AS MOOT** the remainder of Plaintiff's First Motion to Compel.

2) The Court **DENIES AS MOOT** Plaintiff's original Motion for Subpoena Duces Tecum (ECF No. 60).

3) The Court **DENIES AS MOOT** Plaintiff's Motion Pursuant to 59(B)(2)(e) (ECF No. 74).

4) The Court **GRANTS** Plaintiff's Motion for Subpoena Duces Tecum (ECF No. 75) and **ORDERS** the United States Marshal to serve the subpoena (ECF No. 75-1, PageID 680-83 & ECF No. 75-2, PageID 683-696) and a copy of this Order on Shirley Smith without delay.

5) The Court **GRANTS** Plaintiff's Motion to Voluntarily Dismiss (ECF No. 77), which it construes as a motion to withdraw Plaintiff's earlier-filed motion.

6)     The Court **GRANTS** Plaintiff's Motion To Consider Revisions (ECF No. 78)

7)     The Court **GRANTS** Plaintiff's Motion Requesting Additional Time for Discovery (ECF No. 79) and will set a discovery deadline by separate order.

8)     The Court **DENIES AS MOOT** Plaintiff's initial Motion for Subpoena Duces Tecum (ECF No. 81).

9)     The Court **GRANTS** Plaintiff's Second Motion to Compel (ECF No. 83) with respect to Revised Request #1 and Request F, which this Court construes as being interrogatories rather than requests for documents. Defendants are **ORDERED** to respond to these requests within thirty (30) days of the date of this Order.

10)    The Court **DENIES AS MOOT** Defendant's Motion to Strike Pough's Motion for Subpoena (ECF No. 85).

11)    The Court **ORDERS** that the subpoena filed by Plaintiff (ECF No. 90, PageID 889) is modified to order a response no later than April 30, 2023. With that modification, the Court **GRANTS** Plaintiff's Motion for Subpoena Duces Tecum (ECF No. 90). The United States Marshal is **ORDERED** to serve the subpoena (ECF No. 90, PageID 889-904) and a copy of this Order on the Ohio Department of Rehabilitation and Corrections without delay.

12)    The Court **DENIES** Plaintiff's Amended Motion to Compel (ECF No. 92).

13)    The Court **DENIES** Defendants' Motion to Strike Plaintiff's Amended Motion for Subpoena (ECF No. 96).

14) The Court **DENIES** Plaintiff's Motion to Strike the Defendant[s'] Response in Opposition to Plaintiff[']s Amended Motion to Compel (ECF No. 100).

15) The Court **GRANTS** Plaintiff's Motion to Withdraw Discovery Requests (ECF No. 102).

16) The Court **ORDERS** that the amended subpoena filed by Plaintiff (ECF No. 105-1, PageID 1066) is modified to require compliance no later than April 30, 2023. With that modification, the Court **GRANTS** Plaintiff's Amended Motion for Subpoena Duces Tecum (ECF No. 105). The United States Marshal is **ORDERED** to serve the amended subpoena (ECF No. 105-1, PageID 1066-68; Ex. 105-2, PageID 1069-74; Ex. 105-3, PageID 1075-77; and Ex. 105-4, PageID 1078-82) and a copy of this Order on Jeremy Pelzer without delay.

17) The Court **GRANTS** Plaintiff's Motion for Leave to File Motion in Reply to the Defendant's Motion in Opposition to Plaintiff's Motion to Compel (ECF No. 108)

18) Plaintiff's Motion to Supplement the Amended Motion to Compel (ECF No. 109) is **DENIED**.


**IT IS SO ORDERED**.

s/Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

22

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).