**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LANCE POUGH, | : | Case No. 2:21-cv-00880 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| MIKE DEWINE, *et al.*, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DECISION AND ORDER

This matter is before the Court upon the following filings by Plaintiff related to his proposed deposition of non-party Jeremy Pelzer: Plaintiff's Corrected Motion for Subpoena Duces Tecum (ECF No. 112); Plaintiff's April 24 letter to the Court and check for statutory witness fees (ECF No. 115 (sealed)); Plaintiff's April 25 letter to the Court (ECF No. 116); Plaintiff's Motion for Leave to Conduct Telephonic Deposition (ECF No. 118); and Plaintiff's Notice of Deposition (ECF No. 119). Below, the Court addresses each of these filings, as well as certain related issues.

### I.    Background

In this civil rights action under 42 U.S.C. § 1983, Plaintiff, an Ohio inmate, alleges that members of the Ohio Parole Board violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment by denying his parole application on the basis of his race. (Complaint, ECF No. 20.) Plaintiff's belief that he was the victim of racial discrimination arises – at least in part – from an exposé published in January 2019

1

that alleged that the Parole Board members are "harsher and stricter with people of color." (Plaintiff's Exhibit A, ECF No. 20-1, PageID 257.) Since June 2022, Plaintiff has made several failed attempts to subpoena the author of that article, Jeremy Pelzer.

First, on June 27, 2022, Plaintiff filed a Motion for Subpoena Duces Tecum. (ECF No. 60.) That subpoena was deficient, however, as it failed to indicate a time or location for compliance. (ECF No. 60-2.) Plaintiff attempted to remedy that deficiency by filing an Amended Motion for Subpoena Duces Tecum. (ECF No. 105.) That subpoena, as amended, correctly specified a date and location for compliance. (ECF No. 105-1.) However, the specified date was less than a week after the Clerk's receipt of the subpoena. (*Id.*) Thus, when the Court ruled upon Plaintiff's Amended Motion for Subpoena Duces Tecum, the specified date for compliance had passed. (ECF No. 110, PageID 1155–56.) The Court therefore *sua sponte* modified that subpoena to order compliance no later than April 30, 2023 and directed the United States Marshal to serve the subpoena as so modified. (*Id.* at PageID 1156.)

On April 26, however, Plaintiff filed a documented entitled *Corrected* Motion for Subpoena Duces Tecum. (ECF No. 112 (italics added).) That motion stated that the address listed on Plaintiff's *Amended* Motion for Subpoena Duces Tecum (ECF No. 105) was incorrect and provided the Court with Mr. Pelzer's "correct" address[1]. In addition, Plaintiff filed a check for statutory witness fees. However, that check was incorrectly made payable to the Court itself rather than to Mr. Pelzer. (ECF No. 115 (sealed)).

---

[1] In fact, the two addresses were identical.

Therefore, on May 3,[2] the Clerk returned the check to Plaintiff with a letter explaining that Plaintiff would need to issue a new check. (ECF No. 115-1 (sealed).)

The very next day, the Court received a letter in which Plaintiff notified the Court that he had separately mailed a Motion for Notice of Deposition and a Motion for Leave to Conduct a Telephonic Deposition. (ECF No. 116.) Plaintiff expressed concerns about the order in which the Court would receive his various filings and therefore advised the Court to "be on the lookout for both [the motions and the check for witness fees]." (*Id*. at PageID 1229.)

On May 9, the Court received Plaintiff's Motion for Leave to Conduct Telephonic Deposition (ECF No. 118) and Notice of Deposition (ECF No. 119). These filings indicate that Plaintiff has taken steps to depose Mr. Pelzer by telephone on June 12. On May 22, the Court received a completed subpoena ordering Mr. Pelzer's attendance at that deposition. (ECF No. 123.) The Clerk delivered that subpoena to the United States Marshal, along with a properly addressed check provided by Plaintiff.

## II.    DISCUSSION

### A.  <u>Plaintiff's Attempts to Subpoena Jeremy Pelzer</u>

Plaintiff has – with limited success – been trying to subpoena Jeremy Pelzer for nearly a year. Specifically, Plaintiff[3] has filed four versions of a subpoena duces tecum (ECF No. 60-2; ECF No. 105-1; ECF No. 110, PageID 1156; ECF No. 112), as well as a single subpoena to testify at a deposition (ECF No. 123). With the exception of the

---

[2] I.e., three days *after* the April 30 date specified by Plaintiff's Corrected Subpoena.
[3] Or the Court on his behalf. (*See* ECF No. 110, PageID 1156.)

deposition subpoena, each of Plaintiff's subpoenas has been defective and has not, therefore, been issued. Plaintiff's first subpoena duces tecum (ECF No. 60-2) did not specify a time or place for compliance. Plaintiff's second subpoena duces tecum (ECF No. 105-1) specified a date for compliance – but that date was less than a week after the date of filing, which failed to afford adequate time to the Clerk, the United States Marshal, or, indeed, Mr. Pelzer himself. As amended by the Court, Plaintiff's third subpoena duces tecum allowed reasonable time for compliance. (*See* ECF No. 110, PageID 1156.) However, Plaintiff notified the Court that, in fact, the address he had previously provided was incorrect and sought to modify the subpoena once more. (ECF No. 112.) This fourth subpoena duces tecum specified a compliance date four days after its filing, once again failing to allow adequate time. (ECF No. 112-1, PageID 1204.) In addition, *all* of Plaintiff's subpoenas duces tecum have commanded Mr. Pelzer to produce documents *at his own home address*, which the Court suspects was not Plaintiff's intent.

In short, due to these repeated difficulties, no subpoena duces tecum has ever been served upon Jeremy Pelzer in this case. Moreover, in light of the scheduled deposition, the Court cannot determine whether Plaintiff still *wishes* to serve a separate subpoena duces tecum upon Mr. Pelzer. Finding that continued delay and additional fruitless filings in this matter would be detrimental to the interests of justice, the Court therefore **ORDERS** as follows: If Plaintiff wishes the Court to issue a subpoena duces tecum upon Jeremy Pelzer, then Plaintiff shall, within **THIRTY (30) DAYS** of the date of the instant Order, file with the Court a properly completed subpoena that specifies <u>a reasonable date</u>

4

for compliance that is no sooner than forty-five (45) days after the subpoena is filed. Any such subpoena shall be accompanied by a brief motion requesting service by the United States Marshal at public expense. Plaintiff is **CAUTIONED** that the Court is unlikely to take further steps to *sua sponte* address future deficiencies in this matter.

### B. Plaintiff's Motion for Leave to Conduct Telephonic Deposition (ECF No. 118)

Fed. R. Civ. P. 30(b)(4) provides that "the court may on motion order that a deposition be taken by telephone or other remote means" (internal punctuation omitted). In the instant case, Plaintiff seeks leave to depose Jeremy Pelzer by telephone on the grounds that Plaintiff is incarcerated and therefore unable to conduct a deposition by normal means. (ECF No. 118, PageID 1240.) The Court finds that this circumstance constitutes good cause and therefore **GRANTS** Plaintiff's Motion for Leave to Conduct Telephonic Deposition (ECF No. 118.) Plaintiff is given leave to conduct his proposed June 12 deposition of Jeremy Pelzer by telephone.

### C. Plaintiff's Notice of Deposition (ECF No. 119)

Fed. R. Civ. P. 30(b)(1) requires a deposing party to "give reasonable written notice to every other party." Plaintiff's Notice of Deposition (ECF No. 119) attempts to comply with this requirement. However, except in special circumstances absent here, notices directed to other parties must not be filed with the Court. *See* Fed. R. Civ. P. 5(d)(1)(A). The Court therefore **ORDERS** that Plaintiff's Notice of Deposition (ECF No. 119) be **STRICKEN**. Plaintiff is **DIRECTED** to serve any future notices directly upon the parties to whom they are addressed, and to mail a copy to every party to the action.

### D.  **Plaintiff's Letters to the Court**

Since commencing this action, Plaintiff has filed numerous documents in the form of personal letters addressed to various court personnel, including the Undersigned Magistrate Judge. (*E.g.*, ECF No. 116.) These filings are inappropriate. *All* documents filed with the Court must take the form of either a pleading specifically authorized by the Federal Rules of Civil Procedure or a motion stating "with particularity" the relief sought and complying with "[t]he rules governing captions and other matters of form". Fed. R. Civ. P. 7. The Court therefore **ORDERS** that all future filings by Plaintiff conform to the requirements of Fed. R. Civ. P. 7. The Court **WILL DISREGARD** any future filing which takes the form of a personal letter.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections to the findings within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions

of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).