IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LANCE POUGH, | : | Case No. 2:21-cv-00880 |
| Plaintiff, | : | District Judge Michael H. Watson |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| MIKE DEWINE, *et al.*, | : | |
| Defendants. | : | |

## ORDER QUASHING SUBPOENA

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff, an Ohio inmate proceeding without the assistance of counsel, alleges that members of the Ohio Parole Board violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment by denying his parole application on the basis of his race. (Complaint, Doc. No. 20.) Plaintiff's belief that he was the victim of racial discrimination arises – at least in part – from an exposé, written by Jeremy Pelzer and published in January 2019, that alleged that the Parole Board members are "harsher and stricter with people of color." (Plaintiff's Exhibit A, Doc. No. 20-1, PageID 257.)

On June 20, 2023, Plaintiff filed two documents. Plaintiff's Amended Motion for Leave to Conduct Telephonic Deposition (Doc. No. 128) sought leave to telephonically depose Pelzer. Plaintiff's Amended Notice of Deposition (Doc. No. 129) attempted to comply with Federal Rule of Civil Procedure 30(b)(1), which requires a deposing party to "give reasonable written notice to every other party." Plaintiff's Amended Notice was

accompanied by an attachment in the form of a subpoena ("the Subpoena") that commanded Pelzer to appear on July 28, 2023 at 10am to be deposed "regarding the articles and quotes within the articles as well as the content of [attached copies of the article]". (Doc. No, 129-1, PageID 1350.)

On June 22, 2023, Plaintiff filed a Motion to Strike the Amended Notice of Deposition. (Doc. No. 130.) The Court granted that motion and ordered that Plaintiff's Amended Notice be stricken from the record. (Notation Order issued June 22, 2023.) Plaintiff did not indicate that he wished the Subpoena to be exempted from his motion to strike. Nor has Plaintiff at any time requested that the Court order the Subpoena to be served by the United States Marshal Service or in any other way indicated that he believes that the Subpoena was not stricken on his own motion.

However, Jeremy Pelzer has now filed a Motion to Quash (Doc. No. 132) indicating that he was, in fact, served with the Subpoena. Pelzer moves to quash the Subpoena on the ground that it "represents an improper attempt by a civil litigant to turn a non-party journalist into their private discovery agent." (*Id*. at PageID 1390 (internal citations and punctuation omitted).)

The Court need not reach the merits of this argument. The Subpoena at issue here was functionally withdrawn by Plaintiff and stricken from the record. (Doc. No. 130; Notation Order issued June 22, 2023.) It was served upon Pelzer only as a result of clerical error. Accordingly, it should be quashed.

In sum, for the foregoing reasons, the Court **ORDERS** as follows:

1. To the extent that it seeks to quash the subpoena previously stricken by this Court (Doc. No. 129-1), non-party Jeremy Pelzer's motion (Doc. No. 132) is **GRANTED**. To the extent that it seeks a protective order preventing Mr. Pelzer from being deposed in this matter, that motion is **DENIED WITHOUT PREJUDICE**.

2. The Clerk is **DIRECTED** to update the docket to more clearly reflect that Plaintiff's Amended Notice of Deposition (Doc. No. 129) and accompanying attachments have been stricken from the record. The Clerk is further **DIRECTED** to restrict those documents to Court access only.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections to the findings within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the

objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).