# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LANCE POUGH, | Case No. 2:21-cv-00880 |
| Plaintiff, | District Judge Michael H. Watson |
| vs. | Magistrate Judge Caroline H. Gentry |
| MIKE DEWINE, *et al.*, | |
| Defendants. | |

# DECISION AND ORDER

On August 14, 2023, Plaintiff filed a Third Motion to Compel (Doc. No. 134), and on August 18, Plaintiff filed a Motion for Sanctions (Doc. No. 136). Plaintiff has now filed a Motion to Strike (Doc. No. 137), asking that the Court strike his Motion to Compel (Doc. No. 134) and Motion for Sanctions (Doc. No. 136) from the record. As grounds for this motion, Plaintiff states that he has had further communication with Defense Counsel, which has apparently caused him to reevaluate his earlier motion practice. (Doc. No. 137, PageID 1478.)

Both Plaintiff and Defendants have made liberal use of Motions to Strike in this matter. The Court disapproves of this practice, which infringes upon the strong interest of the public in maintaining free access to the materials on which judicial decisions are based. *See Newkirk v. Rolf Goffman Martin Lang LLP*, No. 1:19-CV-00085, 2020 WL 13661705, at *1 (S.D. Ohio 2020) (Barrett, D.J.). Accordingly, the Court once again reminds the parties that "motions to strike are generally disfavored and considered drastic

remedies *that should be sparingly used*." *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-CV-00015, 2015 WL 10906068, at *1 (S.D. Ohio 2015) (Watson, D.J.) (cleaned up and emphasis added).

However, as a *pro se* party, Plaintiff is entitled to liberal construction of his pleadings. *E.g.*, *Lamb v. Howe*, 677 F. App'x 204, 207 (6th Cir. 2017). Moreover, it is "[t]he function of the motion, and not the caption, [that] dictates which Rule is applicable." *Emiabata v. P.A.M. Transp., Inc.*, 2021 U.S. App. LEXIS 34013, at *3 (6th Cir. 2021) (internal citation omitted). Here, the Court understands the relief Plaintiff is seeking to be, in essence, simply that the Court not consider his Motion to Compel (Doc. No. 134) or his Motion for Sanctions (Doc. No. 136). Based upon this understanding, the Court construes Plaintiff's Motion to Strike (Doc. No. 137) as a Motion to Withdraw. So construed, that Motion is **GRANTED**. The record shall reflect that Plaintiff's Motion to Compel (Doc. No. 134) and Plaintiff's Motion for Sanctions (Doc. No. 136) are **WITHDRAWN**. The Court will not consider those motions.

    **IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections to the findings within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this

Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).