IN THE US DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

LANCE POUGH,
        Plaintiff

        Vs

MIKE DEWINE, et al
        Defendants

Case No.2:21-cv-880

Magistrate Judge C.H.Gentry

Judge Michael Watson

FOURTH MOTION TO COMPEL

Defendants-Houk,Reveal,Kovach,Thalheimer
and Rauschenberg

Non Party:Jeremy Pelzer

This motion is in regards to the non party Jeremy Pelzer not
complying with the Subpoena Duces Tecum filed by Plaintiff
requesting documents. The material requested is relevant and
material to plaintiff's case. This Motion is aimed to compel compliance with
Plaintiff's Subpoena Duces Tecum.

Date: Oct 9, 2023

Lance Pough, A653422
PO BOX 788
Mansfield, Ohio 44901

Now comes the plaintiff Lance Pough herein with the instant Fourth Motion To Compel directed towards non party Jeremy Pelzer who in turn failed to comply with plaintiff's subpoena duces tecum which plaintiff requested documents.See Ex. AD Pelzer recieved the subpoena duces tecum sometime in or around late July of 2023. The subpoena was returned service on or around August 6,2023. Based on these dates, the non party Pelzer had 19 days left to comply with the subpoena date which is August 25,2023, as stated and cited on the Subpoena Duces Tecum form attached herein.See Ex. AD

The non party Pelzer hired Daniel Kavouras, an attorney from Cleveland, Ohio to represent him in this legal matter. Kavouras sub-sequently filed objections to Plaintiff's subpoena duces tecum on August 24,2023. Plaintiff has wrote the non party Jeremy Pelzer's attorneyKa-vouras a letter seeking an agreement or negotiations regarding an easy and cheap way for plaintiff to get the documents requested without the need to spend uneccessary money to satisfy his requests.

Plaintiff did not recieve a response from attorney Kavouras re-garding this attempt at negotiations and in reaching an agreement. Plain-tiff brings to this court's attention that even before he filed the sub-poena duces tecum, he spoke with Jeremy Pelzer via a three way prison call in or around mid/early 2021. During the prison phone call, plaintiff explained to Pelzer about his lawsuit(instant), and plaintiff requested the same documents subject to the instant subpoena duces tecum from Pelzer then and Pelzer told Plaintiff that he had the interviews of Shirley Smith and JoEllen Smith on his phone and told plaintiff that he has to get permission from his boss before he could turn over the documents and material.See Ex. AC

2.

Plaintiff told Pelzer that he could email the material to him through the prison email system(Jpay at the time)and Plaintiff volunteered to pay for the price of the email stamps which are/were 4.50$ for 15 prison email stamps. Pelzer then told Plaintiff to call him back in a few days and he would let him(Plaintiff)know what his boss said. See Ex.AC Plaintiff called back days later and Pelzer failed to answer the phone. To date, plaintiff is still fighting to get this requested material(documents and other requested material)which are essential and material to his claims and case. At this point, plaintiff has no other choice but to bring this fight to court with yet another Motion to Compel, this one titled the Fourth.


PLAINTIFF COMPLIED WITH FED.RULE.CIV.PROC. 45(d)(1)

   Rule 45 requires "a party or attorney responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing undue burden or expenses on a person subject to the subpoena. The court for the district where compli- ance is required must enforce this duty and impose an appropriate sanction which may include lost earnings, and reasonable attorney fees on a party or attorney who fails to comply."Fed.R.Civ.Proc. 45(d)(1)

   However, courts have found that when an issuing party engages in good faith negotiations to resolve conflicts over subpoenas and to avoid imposing undue burden, courts have declined to impose Rule 45 Sanctions in the absence of other aggravating factors. See Ohio Fresh Eggs,LLC v Smith & Kramer,PC 2022 U.S.Dist.Lexis 159667 citing Tiberi v Cigna Ins.Co. 40 F.3d 110,112 5th Cir. 1994.

   Here, Plaintiff Pough attempted to negotiate with non party Pelzer[6] even before he filed the Subpoena Duces Tecum, and before Pelzer even hired atty Kavouras to represent him back in 2021.

6/Plaintiff spoke with Pelzer by phone(three way prison phone call)and this was in 2021.

Plaintiff contacted Pelzer, requested the documents and material subject of the instant subpoena, Plaintiff told Pelzer about his instant lawsuit, and gave Pelzer an easy option and cheap way to email plaintiff the documents through the prison email system(JPay at the time in 2021)and plaintiff volunteered to pay for the prison stamps(15)which was at the price of 4.50$. Pelzer told plaintiff to call back in a few days because he had to get permission from his boss to release the material to plaintiff. Plaintiff called back via a three way prison phone call days later, and Pelzer never answered the phone.

Plaintiff then eventually filed the instant subpoena duces tecum and after recieving the non party's objections, plaintiff wrote a letter as another attempt to negoiate a cheap and easy way to get plaintiff the documents requested in the subpoena duces tecum. However, to date, plaintiff has not heard anything back from Pelzer or his attorney Kavouras on this, which has prompted him to file the instant Motion To Compel(Fourth).

The non party Pelzer's objections to the subpoena follows as well as Plaintiff's response/reply to the objections.

Herein are Pelzer's Objections to Plaintiff's Subpoena Duces Tecum and also included is Plaintiff's response/reply in opposition to the non party Pelzer's objections:

1) Plaintiff asserts that his requests are not overly broad because he has pointed out specifically what documents he needs and seeks. All of the requested documents are related to the creation of Ex.A, Ex.A1 by Jeremy Pelzer and related to Pelzer's interview with Shirley Smith whereas some quotes from the interview are included in Ex.A,Ex.A1 which is central to Plaintiff's case, and claims. Further, non party Pelzer has not pointed out what part of the request/subpoena duces tecum is hard to understand, or overly broad. Thus, this objection is meritless and a boilerplate objection.

-Unduly burdensome, the non party Pelzer has not explained nor detailed why or how this request/subpoena duces tecum is unduly burdensome, nor have they supported this assertion with an affidavit or evidence explaining the burden. Thus, this objection is meritless. This is also a boilerplate objection.

-Vague,the non party Pelzer has failed to point out what part of the subpoena duces tecum request is vague and hard to understand. Thus, this objection is meritless and also a boilerplate objection.

-Ambiguous,plaintiff asserts that this objection is a boilerplate objection and that the non party Pelzer has failed to explain or point out what part of the request is ambiguous or hard to understand. Thus, it lacks merit.

-Duplicative,the plaintiff asserts that this objection by non party Pelzer is meritless whereas it is boilerplate and Pelzer fails to explain how or why the requests(subpoena duces tecum)is duplicative. Further, it does not explain what part of the request is duplicative. Thus, this objection is meritless.

-Documents sought are not relevant to the claims and defenses in the litiggation:Plaintiff asserts that this objection is meritless because the requests are very relevant to the claims, theory and issues in the complaint and litigation. Here, non party Jeremy Pelzer interviewed non party Shirley Smith after she sent the email blast to the numerous online media outlets in Jan. of 2019. Pelzer wrote an article based on his interview with Shirley Smith

Pelzer's article,Ex.A,Ex.A1 attached to the complaint, does not include the entire interview content of his interview with Shirley Smith. Pelzer used portions of his interview with Shirley Smith to write the articles,Ex.A and Ex.A1. Further, plaintiff is entitled to the documents, as well as the interview transcripts in Pelzer's possession regarding his interview with Shirley Smith. Pelzer's interview transcripts etc, will lead to the discovery of admissible evidence as it is relevant to the plaintiff's claims and theory in the complaint.Again, Pelzer is the only person who interviewed both Shirley Smith and ODRC Spokewoman JoEllen Smith at different times with no one else present to discuss Shirley Smith's claims against the OHIO Parole Board, and it's operations as well as the misconduct of it's members, and what needed to be changed.

 -Plaintiff's need for the documents and information outweighs the burden or expense of the non party Pelzer of producing the documents:Plaintiff asserts that Pelzer has not identified nor detailed any expenses he faces in order to retrieve these documents, nor has Pelzer detailed or explained the actual burden he would suffer from retrieving these documents, nor does Pelzer support this claim with evidence  or an affidavit. Thus, this objection is meritless. As far as Pelzer's claim that this request seeks an unreasonably voluminous amount of information and documents, this is simply not true.Plaintiff only seeks documents from Pelzer related to Shirley Smith's articles,etc and the interview, and the matters requested within the subpoena duces tecum which is in no way voluminous. In addition, the non party Pelzer has not explained or detailed the actual amount of documents and information that will be provided for the court and plaintiff to determine if the documents and information constitutes voluminous. The non party Pelzer also has failed to provide any expense associated with providing the requested documents and information.

 2)Overbroad and unduly burdensome because it seeks documents related to an undefined and unlimited time period: Plaintiff asserts that the request is not unduly burdensome nor overbroad because it does have a defined timeframe-2019. Therefore, the timeframe is reflected in the documents requested and the Ex.A, and Ex.A1. Last but not least, the requested material is discussed in the exhibits. For instance, exhibit A, and Exhibit A1 state that Pelzer did a follow up interview with Shirley Smith regarding her claims. This interview is very

relevant to plaintiff's claims and theory in the complaint. Likewise, Pelzer stated in the articles Ex.A, Ex.A1 that he spoke to JoEllen Smith, and she provided certain responses to some of Shirley Smith's claims while be silent regarding others. All of the material plaintiff has requested is very relevant to his claims and theory in the complaint, and the timeframe is definitely 2019 as the documents,Ex.A,and Ex.A1 indicate 2019. Any information or documents and material requested in the subpoena duces tecum, is relevant to the claims and the time frame is 2019. Thus, this request is not overlybroad or unduly burdensome. This court also has authority to modify the subpoena as it sees fit.

3)Pelzer objects to the subpoena duces tecum because it seeks documents protecte by privileges, and protections afforded to members of the press, including the Reporters Privilege and Newsgathering privilege:

Plaintiff asserts that this objection/response is vague and unclear whereas it does not define what privileges and protections are afforded to members of the press or applicable to Pelzer. Nonetheless, with regard to Pelzer's claim of the reporter's privilege and newsgathering privilege, Pelzer is unfortunately no protected by the Reporter's Privilege nor the Newsgathering Privilege due to the case law of the Sixth Circuit. See In re Grand Jury Proceedings 810 F.2d 580,584 585(6th Circuit 1987),See also Convertino v US Dept. of Justice 2008 U.S.Dist. Lexis 66889(E.Dist.Mich 2008)The 6th Circuit explicitly declined to recognize a qualified First Amendment privilege for reporters.See In re AshenFelter 2009 U.S App.Lexis 29512(6th Cir. April 16,2009)

In conclusion, this objection lacks merit and must be denied, whereas Pelzer is not protected by the Reporter's privilege nor the Newsgathering privilege

4)Mr.Pelzer objects to the subpoena because it imposes an undue burden on his 1rst Amendment Rights as a member of the press, and because the subpoena represents an improper "attempt by a civil litigant to turn a non party into their private discovery agent:

Plaintiff asserts that this objection is meritless in light of the fact that reporters/journalists are not sheilded by any First Amendment rights or privileges against subpoenas or with regard to non confidential material.

As far as the subpoena representing "an improper attempt by a civil litigant to turn a non party journalist into their private discovery agent", this statement by Pelzer is false and incorrect based on the facts of this case.

7.

Plaintiff asserts that in this case, the non party Pelzer has interview transcripts and or copies of the interviews he did with Shirley Smith,the ex board member, and the interview he did with non party JoEllen Smith, the ODRC Spokeswoman in or around Jan. of 2019,which are both relevant to claims and issues within the litigation. Pelzer is the only person who interviewed both parties at different times by phone,with no one present. Pelzer told plaintiff by phone in 2021(in or around April of May, the plaintiff does not know the exact time but he spoke with Pelzer via a three way call from prison and Pelzer told Plaintiff that the interviews are on his phone and that he needed to get his boss to agree to allow him to release them to Plaintiff,and Pelzer told Plaintiff to call back in a few days, and plaintiff did but Pelzer failed to answer the phone any longer)that he had the interviews on his phone.See Ex.AC Plaintiff is only seeking documents that Pelzer has already spoke about in published public articles,Ex.A,and Ex.A1, that he wrote and authored that is relevant to the instant claims and litigation. This is not an attempt to turn Pelzer into a private discovery agent!

Both interviews,S.Smith, and JoEllen Smith, are very relevant as they will lead to the discovery of admissible evidence and both are relevant. No one else has these interviews or the content(the full content and the full entire interviews)but Jeremy Pelzer. Plaintiff has tried to obtain the interview of Shirley Smith with a letter in 2021 wrote to her, and she refused to respond or answer his letter.See Ex.AE Plaintiff has attempted to get the interview transcripts, and the actual interview from someone other than Pelzer only to be denied.[2] Thus, this objection should be denied.

5)Pelzer objects to the subpoena to the extent it seeks information the disclosure of which would violate any constitutional, statutory,common-law or other interests of any person, including any of Mr.Pelzer's employer or sources, or would violate any constitutional, statutory, common law or contractual duty to maintain confidentiality or privacy over certain doc- uments or information:

Plaintiff asserts that this objection should be denied as it is meritless. plaintiff asserts that contrary to what the non party Pelzer states, none of the material and documents sought will/would violate any constitutional, statutory, common law, or other interest of any person,or Pelzer's employer or any contractual duty to maintain confidentiality or privacy over certain documents or information. Pelzer has failed to point

8.

[2]/Shirley Smith is the person whom I tried/Plaintiff tried to get these documents from.

out"what"constitutional,statutory, common law,or other interest would be violated if the requested documents were turned over. Also, Pelzer has failed to show or name "who" would be injured by the release of the documents requested, and Pelzer has failed to show how,with evidence,Pelzer's employer or other sources are or would be injured by the release of the requested documents and information sought. As far as the contractual duty to maintain confidentiality or privacy over certain documents or information, Pelzer or the source may ask the court for the court to do an in camera review of the documents before they are released. Also, Pelzer has failed to produce any contract or promise to those who he interviewed of confidentiality or privacy protection, thus, this objection must be denied. Last but not least, Pelzer is not protected by any constitutional right or amendment, statutory or common law, nor any privileges based on Sixth Circuit Case law.

6)Pelzer objects to the subpoena to the extent it seeks documents that may be obtained from another source that is less burdensome or more convenient, such as from a party to the litigation, a witness with firsthand knowledge relevant to the litigation, or from the sources quoted or identified in the Article:

The plaintiff asserts that the documents and information he seeks are clearly relevant to proving his claims that the defendants used and considered his race and color as a factor in their decision concerning parole, and in their decision concerning how much time or how harsh/severe to continue(flop)his case after denying him parole. Plaintiff also needs the documents and information(all the material requested within the subpoena duces tecum) to prove that the defendants had an unwritten practice and policy of using one's race and color as a factor when considering whether to grant or deny parole, and used this unwritten practice and policy when considering how much time to give an inmate on a flop/continuance after denying him/her parole. Plaintiff needs this requested information and documents to prove that the unwritten practice and policy exists and existed in March of 2018 when plaintiff went to his initial parole hearing, and plaintiff needs this material to prove that the defendants applied this unwritten practice and policy on him.

Plaintiff asserts that he has attempted to recieve this information and documents from Shirley Smith in 2021,See Ex. AE , when he wrote to her and she never responded. Despite plaintiff attempts to recieve this material from Shirley Smith, it would have been futile because Shirley Smith does

not have the documents and the material requested in the subpoena duces tecum towrds/for Pelzer. This can explain why Plaintiff didn't ask for these documents in the subpoena duces tecum to Shirley Smith. Pelzer is the only person in possession of these documents and they will prove matters in the complaint which make them very relevant to the claims and litigation.

In sum, Jeremy Pelzer has unique documents and material regarding his communications with Shirley Smith and JoEllen Smith that others do not have or possess.[3] Like stated earlier, Pelzer's interview with both S.Smith and JoEllen Smith, at different times, contain quotes and content that has not been shared to the public. While Pelzer has authored artciles Ex.A, and Ex.A1, which contain some qoutes from both S.Smith, and JoEllen Smith, the articles do not contain every quote or statement that both S.Smith made or what JoEllen Smith made. Both interviews were conducted in regards to Shirley Smith's public expose in Jan. of 2019 which make them relevant to the instant claims and litigation. No party to this litigation has the material requested,and plaintiff has already requested material in a letter to Shirley Smith that she failed to respond to. As far as there being less burdensome or more convenient means to get these documents, plaintiff has exhausted an avenue of pursuning these documents before filing the instant subpoena duces tecum. Plaintiff dooesnt have to exhaust every possible avenue to show he attempted to retrieve these documents by other means before filing the subpoeana duces tecum. Thus, this objection is meritless and should be denied.[4]


7)Mr.Pelzer objects to the Subpoena because it fails to identify a specific place of compliance:

This objection is meritless whereas the place of compliance is for the non party Pelzer to mail the requested docuemtns to plaintiff at the address he cites and identified on the subpoena duces tecum-Lance Pough,A653-422,PO Box 788, Mansfield, Ohio 44901. This is the same address that Pelzer sent the objections to.Thus, this objection should be denied because it is meritless.

10.

3/See Plumbers &Pipefitters Loc.Union No.630 Pension-Annuity Tr.Fund V Arbtron Inc 278 F.R.D. 335,339,345(S.D.N.Y 2011)
4/ Pelzer has unique documents, interviews of S.smith and JoEllen Smith that no one else has

8)Mr.Pelzer objects to the Subpoena because, in totality, it seeks documents and electronically stored information(ESI)that are not reasonably accessible because of undue burden or cost:

Plaintiff asserts that this objection is meritless whereas Pelzer has not provided the costs or expenses associated with producing the electronically stored information. Thus, this objection is meritless whereas the non party Pelzer has not shown that producing the requested material presents an undue burden. In sum, Pelzer has not provided this court or plaintiff with the costs of retrieving the material, or the reasons (why and how) it is an undue burden to access the ESI. Again, this is a boilerplate objection that is meritless.

9)Mr.Pelzer objects to the subpoena to the extent it seeks to impose burdens and obligations which are inconsistent with or in excess of the obligations set forth in applicable law, including Fed.Rules of Civil Procedure 26 and 45,the local rules of any applicable appellate court, or any orders issued by any such court:

Plaintiff asserts that this objection is meritless whereas Pelzer does not explain what burden , and obligations the subpoena imposes or seeks to impose. Further, Pelzer does not explain how or why the subpoena imposes burdens or obligations which are inconsistent with or in excess of the obligations set forth in Fed.Rule(civil)45, and 26, and the local rules,etc This objection is vague whereas it does not explain what obligations, or burdens are inconsistent with or in excess of the obligations set forth in applicable law. Pelzer also fails to identify what applicable law, what local rules, what appellate court rules, and what orders(any)issued by any such court are. In sum, Pelzer has not explained what rules and laws and obligations, and burdens, and court orders issued by courts does the subpoena imposes. Without identifying such, the objection is vague and broad and not understood by plaintiff which requires this court to deny this objection. Further, it is also a boilerplate objection without a foundation of facts.

10)Mr.Pelzer objects to the Subpoena to the extent it calls for disclosure or production of information protected from disclosure by the attorney/client privilege, the work product doctrine, or any other privilege, immunity,or grounds that protect information from disclosure:

11.

Here, the plaintiff asserts that the work product doctrine is not applicable and helpful to Pelzer because the material or documents were not prepared because of the prospect of litigation. In fact, the documents, and information requested from Pelzer was prepared by Pelzer unrelated to any litigation.

The attorney/client privilege does not help Pelzer either because the documents and information requested pursuant to the Subpoena Duces Tecum does not constitute a "legal" disclosure that the attorney/client privilege protects. Pelzer's public disclosures,Ex.A,Ex.A1 and his interviews, were made without any attorney client privilege connected. Pelzer has not stated that he relied on his attorneys advice when writing and authoring the articles Ex.A,and Ex.A1, and when doing the interviews of Shirley Smith and JoEllen Smith.

While Pelzer asserts the attoeny client privilege herein, he does not state and prove with evidence such as an affidavit, that he relied on his attorney's advice when authoring the articles Ex.A1,Ex.A, and when doing the interviews of JoEllen Smith and Shirley Smith. Further, Pelzer does not identify what part of the articles,information,documents and interviews sought by the subpoena duces tecum is protected by the attorney client privilege.

In this case, Plaintiff is entitled to Pelzer's interview transcripts of JoEllen Smith and Shirley Smith and all other material and documents requested even if the material was not quoted and published in Ex.A,Ex.A1 by Pelzer, because this material is of the same subject matter of the litigation.[5] See Smith v Alyeska Pipeline Service Co. 538 F.Supp. 977,979-80(D.Del 1982)(held that defendant waived privilege as to thrity six(36) other documents on the same subject or related when defendant deliberately disclosed an opinion letter discussing whether defendants actions"were infringing or would infringe" plaintiff's patent.Put another way, Pelzer cannot publically disclose communications from Shirley Smith and JoEllen Smith that support a position while simultaneously concealing other same subject communications. Once a party waives an attorney client privilege, it relinquishes the privilege for all purposes and circumstances thereafter. See In re G-I Holdings,Inc 218 F.R.D. 428,432(D.N.J.2003)

In conclusion, this objection is waived and meritless based on the facts herein.

12.

5/Pelzer waived attorney/client privilege regarding his publication of Ex.A and Ex.A1 and the contents used to create the articles because it is all of same subject matter and or related.

11) Pelzer objects to the subpoena to the extent it seeks documents that are not relevant to the subjects raised in the litigation and not proportional to the needs of the case:

Plaintiff asserts that this objection is meritless. Here, the plaintiff sought documents and information that is very relevant to the subjects raised in the litigation whereas Pelzer has documents and information in his possession; specifically, Pelzer has interview transcripts and/or copies of his interviews he did by phone on Shirley Smith and ODRC Spokeswoman JoEllen Smith at different times based on Shirley Smith's Jan. 2019 claims and public expose regarding the parole board operations, members and ex members racially biased decisions and conduct, what needed to be changed and what was wrong with the parole board operations. S.Smith alleged in an interview with Jeremy Pelzer, that board members are harsher and stricter with people of color. Smith also stated that board members emasculate black men who come before them and they (parole board members) treat black men like dogs. These claims and allegations by Shirley Smith went uncontested by ODRC Spokeswoman JoEllen Smith and they are very relevant to Plaintiff's instant case and claims, and litigation.

Plaintiff asserts that JoEllen Smith was given the opportunity to address each and every claim Shirley Smith made, as quoted in Ex.A,Ex.A1,and JoEllen Smith addressed some claims while being silent as to others(Smith was silent regarding board members conduct towards black men mentioned by Shirley Smith). JoEllen Smith's conduct and actions in reaction to Shirley Smith's claims is very relevant to the instant litigation, lawsuit and plaintiff's claims.

In sum, the non party Pelzer has not demonstrated "why" the subpoena duces tecum is unduly burdensome and not proportional to the needs of the case. Pelzer has failed to submit an affidavit to support his claim of unduly burdensome. Simply put, Pelzer has submitted yet another boilerplate objection which should be denied.

12) Pelzer Objects to the subpoena because it does not allow a reasonable period of time to comply in light of the broad scope of the documents requested:

This objection is meritless whereas Pelzer recieved the subpoena duces tecum on August 6, 2023, and the time for compliance was August 25,2023, some 19 days later. Thus, this constitutes a reasonable period of time to comply.

13.

The subpoena is not broad and is easy to understand. The matters requested are of the same subject, and or are related. The material requested is not voliminous or an extreme amount of material requested. Thus, there is simply no reason why Pelzer has not complied with this subpoena duces tecum to date. Last but not least, Pelzer has every document in his possession, and does not have to retrieve them from another source. Thus, this objection by Pelzer should be denied.

13) Pelzer objects to the subpoena because the issuing party failed to take reasonable steps to avoid imposing an undue burden and expense on a non party under Fed Rule of Civil Procedure 45(d)(1). Any and all costs relating to the subpoena should be borne by the issuer, and Pelzer objects to producing any materials sought by the subpoena in the absence of issuer's written commitment to pay for all reasonable out of pocket production costs:

Plaintiff asserts that this objection should be denied as it is meritless whereas the non party Pelzer has failed to provide proof of the undue burden with an affidavit describing the burden Pelzer would suffer by complying with Plaintiff's subpoena. Plaintiff asserts that the non party Pelzer failed to include any and the expenses he would suffer by complying with Plaintiff's subpoena duces tecum. Plaintiff tired to avoid imposing any undue burden and costs on Pelzer with the subpoena when Plaintiff contacted Pelzer in 2021 by phone and spoke with Pelzer via a three way. Plaintiff asked Pelzer for the documents,interview transcripts, and the other material requested in the Subpoena Duces Tecum. Pelzer told Plaintiff that he had the interview of Shirley Smith on his phone and he had to ask his boss for permission to release the entire interview to Plaintiff Pough, and the other material.See Ex. AC Plaintiff then suggested as an option that Pelzer could email him the material through the JPay inmate mailing system, and plaintiff would then get the material printed. Plaintiff volunteered to pay the costs of buying the inmate prison email stamps for Pelzer so that Pelzer would not suffer any costs in providing this requested material. Pelzer told Plaintiff to call him back in a few days and he would let Plaintiff know what his boss said about releasing the information and documents.See Ex. AC

Pelzer failed to answer any of Plaintiff's calls days later related to plaintiff's attempts to recieve the documents subject the instant subpoena.

14.

After Plaintiff filed the instant subpoena duces tecum, and after recieving Pelzer's objections, Plaintiff wrote a letter to Pelzer's attorney, See Ex.AE , trying to negotiate and reach an agreement for a cheap and easy way for Pelzer to comply with the subpoena without unneccessary costs being incurred. Plaintiff has not heard anything back as of the filing of this Motion To Compel(Fourth).

Plaintiff asserts that in light of his attempts to negotiate with Pelzer on an inexpensive option/way(prison system email+JPay)in 2021 to get plaintiff the requested documents and material subject of the Subpoena Duces Tecum, Plain-tiff should not have to bear the costs associated with compliance because he volunteered to pay the 4.50$ for the prison email stamps for Pelzer to email him the documents and Pelzer told Plaintiff to call back in a few days so that he can get permission from his boss to release the material and Plaintiff called Pelzer back, and Pelzer never answered his phone again, which led to Plaintiff filing the instant subpoena duces tecum. After filing the subpoena duces tecum, and after recieving Pelzer's objections, Plaintiff sent Pelzer's attorney a letter in another attempt to negoiate a cheap and easy way for Plaintiff to retrieve the requested material. See Ex.AE

Plaintiff in good faith has attempted to work with Pelzer in regards to reducing any costs associated with complying with the subpoena duces tecum, but Pelzer has not responded nor provided any specific costs associated with com-plying or out of pocket expenses for production costs. On another note, courts have declined to impose Rule 45 sanctions when the issuing party has engaged in good faith negotiations(like in this case)to resolve conflicts over subpoena and to avoid imposing undue burden. See Ohio Fresh Eggs,LLC vs Smith&Kramer, PC,2022 U.S.Dist.Lexis 159667 citing Tiberi v Cigna Ins.Co. 40 F3d 110,112(5th Cir.1994)

15.

Thus, this objection should be denied whereas Pelzer has failed to identify and name any and all out of pocket expenses he would suffer by complying, and Plaintiff has gave/given Pelzer a cheap and easy option of getting the documents to Plaintiff but Pelzer has failed to exercise this option.

14) Pelzer objects to the subpoena as overbroad, unduly burdensome and disproportionate to the needs of this litigation to the extent it seeks "all" documents meeting certain criteria as responding fully to this request would require Pelzer to perform an individual review of every document in his possession or control. Pelzer mains large volumes of documents and records. Therefore, it is impossible for Mr. Pelzer to verify with certainty that "all" documents are produced or identified:

Plaintiff asserts that the subpoena is not overbroad unduly burdensome and disproportionate to the needs of the case because all the documents requested are relative to Pelzer's communications with ex board member Shirley Smith and her expose and ODRC Spokeswoman JoEllen Smith's responses on behalf of the board members and any related material and this material is not volminous. The requests is not disproportionate to the needs of the case, as it is relevant to the litigation and neccessary and essential. As far as it being unduly burdensome, Pelzer has not explained or shown with evidence why or how the request is unduly burdensome, nor has Pelzer detailed or pointed out what part of the request is overbroad and hard to understand. Plaintiff requested Pelzer to turn over all of the documents Pelzer used to create the articles Ex.A, Ex.A1. That is clear as can be. The material plaintiff seeks is of the same subject matter or related which should be easy for Pelzer to comply and locate. Thus, this objection should be denied.

16.

15) Pelzer objects to the subpoena to the extent it seeks information beyond Pelzer's possession, custody, or control or within the possession, custody or control of other parties;

Plaintiff asserts that this objection should be denied because it is meritless. Pelzer told Plaintiff in a three way prison phone call in 2021 that he had his interviews of Smith on his phone and had to get permission from his boss to release them to plaintiff. Thus, Pelzer is in possession of the material. As with the other documents requested via the subpoena, Pelzer also has them in his physical possession and/or access to them whereas his employer will have them. Pelzer wrote the articles while working for Cleveland.com therefore even if he no longer has the material, he has access to the material. Pelzer knew of plaintiff's lawsuit in 2021 when Plaintiff told him about it in the three way phone call, so Pelzer knew the importance of the requested documents and material plaintiff seeks. In sum, this objection must be denied whereas Pelzer can get the documents from his employer or former employer if he no longer has them. Pelzer definitely has access to them.

16) Pelzer objects to the subpoena to the extent it contains terms or requests that are vague or ambiguous:

Plaintiff asserts that this request must be denied whereas Pelzer has failed to point out what terms or parts of the requests contained in the subpoena are vague or hard to understand or ambiguous. In light of this, failure by Pelzer of being clear about what part of the subpoena is hard to understand, thus this objection must be denied. Further, it is also a boilerplate objection without a foundation of facts.

Plaintiff asserts that Pelzer does not preserve the right to supplement, revise,correct,modify,clarify or complete these responses and objections whereas Pelzer is supposed to have done that herein this instance when objecting to the subpoena. To allow Pelzer requests in this regard is a kin to giving Pelzer another bite of the apple.

In conclusion, the plaintiff requests this honorable court to deny Pelzer's objections and order him to comply with Plaintiff subpoena.

PLAINTIFF'S REQUEST FOR SUBSTANTIVE RELIEF:

   As a request for substantial relief, plaintiff requests this honorable court grant his motion to compel and order Pelzer to comply with his subpoena requests whereas the subpoena requested documents are relevant and related to the claims in the instant litigation. The requested documents are essential and material to the instant litigation.

THE PROPORTIONALITY FACTORS:

The importance of the issues at stake: The plaintiff asserts that the information he seeks is important to the issues at stake in this matter and this is an action to vindicate a person's civil rights and is considered of high importance. See Cratty v City of Wyanndote 296 F.Suup.3d 854,860(E.Dist.2017)

   The amount in controversy is 20,000$ in compensatory damages per defendant and 60,000$ in punitive damages from each defendant. This amount is not determinative when an important right is implicated suchhas the denial of a civil right as alleged by plaintiff in the complaint.

   The non-party and plaintiff access to relevant information:Plaintiff asserts that he does not have access to the relevant information he seeks from the non party Pelzer to prove his claims and Pelzer knows this and knows that

Plaintiff needs the requested imformation to prove his claims and case. Pelzer knows that the information he has in his possession is vital to plaintiff's case. This factor should weigh in favor of plaintiff's. The importance of the discovery in resolving the issues: The requested material is essential for plaintiff to prove his claims and theory. The requested material is reasonably calculated to lead to the discovery of admissible evidence. The evidence will prove plaintiff's theory and will provide proof to support his claims.

Whether the burden or expense of the proposed discovery outweighs it's likely benefit:The plaintiff asserts that the benefit of having the requested documents would be it's contribution to proving his claims that his rights were violated and the resulting damages. This outweighs the burden or expenses of producing the requested documents and material subject of the instant subpoena duces tecum. This factor weighs in plaintiff's favor.


In conclusion, the plaintiff seeks an order from this honorable court compelling the non party Pelzer to comply with the subpoena and provide him with the requested material/documents. Plaintiff has done all he could do under the circumstances to allow a cheap and easy way for him to get the material without court intervention, only to be ignored by non party Pelzer. The plaintiff prays that this honorable court grant the instant motion to compel.

Date: Oct 9, 2023

Respectfully,

Lance Pough

Lance Pough, A653-422
Po Box 788
Mansfield, Ohio 44901

19.

<u>Proof of Service</u>

I, _Lance Pough_ , swear under the penalty of perjury that a copy of the instant motion was placed in a prison mailbox on _Oct 9,_ 2023, for mailing purposes,First Class,US Mail,to the following parties:


US District Court
Magistrate Judge Caroline H. Gentry
200 W.Second St.,rm 712
Dayton, Ohio 45402

Mr.Daniel M. Kavouras,Baker & Hostetler
Key Tower
127 Public Square,Suite 2000
Cleveland, Ohio 44114-1214

For non party Jeremy Pelzer

Mr.George Horvath,Snr.Assist.Atty Gen.
30 E. Broad St.,23rd Floor
Columbus, Ohio 43215
For defendants-Houk,Thalheimer,Kovach,Reveal, and Rauschenberg

Lance Pough,A653422

Date: Oct 9, 2023

20.

## GOOD FAITH CERTIFICATION

I, _Lance Pough_ , certify that I in good faith tried to negotiate and work with Jeremy Pelzer on a cheap and easy way for him to get the requested documents to me before I filed the subpoena duces tecum. I volunteeered to pay for email stamps and requested Pelzer use the prison email system to email me the documents whereas then I could print them. Pelzer told me to call him back on the phone days later, and I did and then he never answered the phone. I wrote a letter to Pelzer's attorney Kavouras after recieving their objections to the subpoena, and I requested another solution or agreement regarding the subpoena. I aksed Kavouras to let me know of an easy and cheap way for them to get the documents to me since I gave them an option before and Pelzer did not want to pursue it. Based on the circumstances and facts stated herein, I again certify that I tried to negotiate in good faith with Pelzer before filing the subpoena duces tecum.

Date: Oct 9, 2023

Lance Pough, A653422

Po Box 788

Mansfield, Ohio 44901

Plaintiff

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

|  |  |
|---|---|
| LANCE POUGH | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  2:21-cv-880 |
|  | ) |
| MIKE DEWINE, et al | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jeremy Pelzer 302 E.Moler St., Columbus, Ohio 43207

_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:Any documents relating to or referring to Shirley Smith,ex parole board member including but not limited to interview notes,interview transcripts,emails,phone texts, electronically stored documents relating to Shirley Smith's Jan.2019 public claims against

| Place:Lance Pough,A653422,PO BOX 788, Mansfield, Ohio 44901 | Date and Time: 8-25-2023 |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  CLERK OF COURT | OR |  |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ |  | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Lance Pough,A653422, PO BOX 788,Mansfield, 44901 _____, who issues or requests this subpoena, are:

Lance Pough,653422,PO Box 788,Mansfield, Ohio 44901

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

(Continued)

the Ohio parole Board, it's members, former members and the way the parole board operates.

2)Any documents or responses through texts, text messages, emails or written correspondence(s) you recieved from the ODRC and it's spokeswoman JoEllen Smith addressing Shirley Smith's Jan. 2019 media blast claims against the Ohio Parole Board and it's members and ex members as detailed in Ex.A,Ex.A1 and Ex.B attached to the complaint and the instant subpoena.

3)Any document that was used to create Ex.A and Ex.A1(attached),as well as used to support it.

THE COURT TO ISSUE THE SUBPOENA DUCES TECUM-US District Court,200 W,Second St.,
RM 712, Dayton, Ohio 45402


Magistrate Judge Caroline H. Gentry

The title of the action is-Pough v DeWine, et al Case No. 2:21-cv-880


The subpoena has attached a document quoting the entirety of rule 45(c) and
(d) which details the rights and duties of those subject to respond to a subpoena