UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lance Pough,

    Plaintiff,

    v.

Mike DeWine, *et al.*,

    Defendants.

Case No. 2:21-cv-880

Judge Michael H. Watson

Magistrate Judge Gentry

## OPINION AND ORDER

Lance Pough ("Plaintiff"), appearing *pro se* in this prisoner civil rights suit, objects to the Magistrate Judge's discovery ruling,[1] ECF No. 164, which denied Plaintiff's motions at ECF Nos. 146, 155, and 156. Obj., ECF No. 172.

### I.     TIMELINESS

As a preliminary matter, Plaintiff's objections are untimely. The Order to which Plaintiff objects was issued on February 5, 2024. Dec. and Order, ECF No. 164. As noted therein, Plaintiff had seventeen days to object, given that he was served by ordinary mail. *Id.* at 19. This means Plaintiff's objections were due by Thursday, February 22, 2024. Yet the objection is self-dated as being placed in the prison mail system several days later, on February 27, 2024. Obj.

---

[1] Although the objections purport to be directed to a report and recommendation ("R&R"), the Magistrate Judge did not issue an R&R on the discovery issues; she issued a decision and order. *See* Dec. and Order, ECF No. 164.

8–9, ECF No. 172. Nonetheless, out of an abundance of caution, the Court will consider Plaintiff's untimely objections.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), which applies to non-dispositive matters like these discovery issues, the Court will "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."

## III. ANALYSIS

### A. Fourth Motion to Compel

Plaintiff's fourth motion to compel, ECF No. 146, involved Plaintiff's request to compel non-party Jeremy Pelzer ("Pelzer"), a journalist, to comply with a subpoena duces tecum that sought the content of Pelzer's interviews with Shirley Smith and JoEllen Smith. Mot. Compel, ECF No. 146. Plaintiff contends those interviews formed the basis of an article Pelzer authored and that Shirley Smith stated in her interview that the Ohio Parole Board "members are harsher and stricter with people of color." *Id.* at 13. This information, he contends, is relevant to his claim that he was denied parole due to his race. *Id.* at 9.

Regarding the fourth motion to compel, the Magistrate Judge ruled that Plaintiff's subpoena duces tecum requested Pelzer's documents, which merely reflect Shirley Smith's and JoEllen Smith's firsthand knowledge regarding Ohio Parole Board operations and that the relevant information concerning the Ohio Parole Board can be more conveniently obtained directly from them. Dec. and

Order 16–17, ECF No. 164 ("Pelzer convincingly argues that it would be more convenient and less burdensome for Shirley Smith and JoEllen Smith to provide information about their own firsthand knowledge than for Pelzer to produce his secondhand, journalistic records of that same knowledge." (citation omitted)). In so concluding, the Magistrate Judge stressed that Plaintiff's interest in Pelzer's interview notes, etc., stems from the information contained in those notes rather than anything inherent in the notes themselves. *Id.* Because Shirley Smith and JoEllen Smith "are the most convenient and least burdensome sources from whom to obtain the requested information," *id.* at 17, she denied Plaintiff's fourth motion to compel.

In his first objection, Plaintiff argues that the Magistrate Judge applied the wrong legal standard in her analysis regarding Pelzer's documents. Obj. 2, ECF No. 172. Specifically, he contends she failed to apply *In re Grand Jury Proceedings*, 810 F.2d 580, 586 (6th Cir. 1987), which declined to recognize a discovery privilege for reporters.

This objection is misplaced, however, because the Magistrate Judge did not deny Plaintiff's fourth motion to compel based on a first amendment privilege for reporters. Dec. and Order 15, ECF No. 164 (noting that it did not even consider Pelzer's First Amendment or attorney-client privilege arguments). Rather, she concluded that the information Plaintiff seeks can be obtained from other, more convenient, sources such that Federal Rule of Civil Procedure 26(b)(2)(C)(i) counseled in favor of limiting Plaintiff's discovery from Pelzer. *Id.* at

16. As such, the existence of a First Amendment privilege against disclosure for reporters is simply inapplicable, and the Magistrate Judge did not rule contrary to law by failing to apply *In re Grand Jury Proceedings* in her analysis.

It is worth noting that, although the thrust of Plaintiff's first objection misses the mark by focusing on the nonexistence of a reporters' privilege, some of his statements merit further discussion. For instance, Plaintiff contends that he needs Pelzer's actual interview transcripts and notes, which he cannot obtain directly from either Shirley Smith or JoEllen Smith. Obj. 3, ECF No. 172. Plaintiff reasons that, although he can obtain information regarding the Ohio Parole Board (and, ostensibly, his own parole hearing) from Shirley Smith and/or JoEllen Smith, "there is a chance that plaintiff would be missing key information if Shirley Smith and JoEllen Smith refuse to be honest or refuse to participate with his attempts to get this information." *Id.*

This is insufficient to find the Magistrate Judge clearly erred in finding that the pertinent information "can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" *See* Fed. R. Civ. P. 26(b)(2)(C)(i). In the same Decision and Order that denied Plaintiff's fourth motion to compel, the Magistrate Judge granted Plaintiff's request for the United States Marshals to serve his subpoena duces tecum on Shirley Smith and Ohio Department of Rehabilitation and Corrections. Dec. and Order 12–13, ECF No. 164. Plaintiff retains all available remedies under the Federal Rules of Civil Procedure should either refuse to comply with those subpoenas. Plaintiff's

unfounded fears that the recipients of his subpoenas *might* refuse to comply or, worse, *might* lie, do not warrant burdensome third-party discovery, especially where Plaintiff fails to advance any supported reason to believe that Pelzer's interviews with Shirley Smith or JoEllen Smith mentioned Plaintiff's particular parole decision. At the very least, the Magistrate Judge did not clearly err in her ruling.

### B. Statistical Parole Data

The Magistrate Judge's Decision and Order also denied Plaintiff's motions at ECF Nos. 155 and 156, which both sought to require Defendants to provide various statistical parole information regarding other inmates. Dec. and Order 6–8, ECF No. 164. The Decision and Order concluded that Plaintiff's requests for statistical parole data were overbroad and unduly burdensome. *Id.* at 7.

Plaintiff's second objection is that the Magistrate Judge's finding in this regard was clearly erroneous. Obj. 6–8, ECF No. 172.

Not so. Defendants offered affidavits asserting that it would take almost 10,000 manhours to analyze over 8,000 parole decisions in order to fully respond to Plaintiff's discovery requests. Martin Aff., ECF No. 111-1; Hoying Aff., ECF No. 111-2. The Magistrate Judge's conclusion that the requests were unduly burdensome is therefore not clearly erroneous.

Moreover, the cases Plaintiff relies on in his objections are not to the contrary. *See Smallwood v. Collins*, No. 2:08-cv-679, 2010 WL 2044953, at *3 (S.D. Ohio May 21, 2010) ("Defendants have no duty to create a report for

Plaintiff or to produce documents that do not exist or which are not within the Defendants' custody and control." (citation omitted)); *Ridenour v. Collins*, 692 F. Supp. 2d 827, 829–30 (S.D. Ohio 2010) (overruling objection because, in part, the plaintiff "failed to establish a reasonable likelihood that [the requested] statistics exist[.]"). Although the Magistrate Judge in *Smallwood* ordered the defendants to identify any existing documents that were responsive to the plaintiff's request and were available for review under Federal Rule of Civil Procedure 34, *id.* at *3, there are no existing responsive documents here. Martin Aff. ¶ 4, ECF No. 111-1 ("Attempting to answer these requests would require the creation of new documents . . . .").

Finally, Plaintiff's repeated protestations that the sought-after information is relevant to proving the existence of an informal custom or practice of racism within the Ohio Parole Board miss the mark. His requests were not denied due to irrelevance; they were denied as unduly burdensome.

### IV. CONCLUSION

For the above reasons, Plaintiff's objections, ECF No. 172, are **OVERRULED**.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**