# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LANCE POUGH, | : | Case No. 2:21-cv-00880 |
| Plaintiff, | : | |
| | : | District Judge Michael H. Watson |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| MIKE DEWINE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER CONCERNING MAIL FROM THIS COURT

Plaintiff, a prisoner in state custody at the North Central Correctional Institution, has filed a motion asking that a "control number" be applied to all mail sent to him by this Court. (Doc. No. 199). Plaintiff is proceeding in this case *in forma pauperis* and without the assistance of counsel.

Plaintiff seeks to prevent is "legal mail" from the Court from being opened, read, and copied before its delivery to him with regular institutional mail. He alleges that the Ohio Department of Rehabilitation and Correction (ODRC) is not treating mail from this Court as "legal mail" with all the protections afforded such mail.

Until recently, ODRC policy and the Ohio Administrative Code unambiguously protected "legal mail" from a "court of law" from being opened and inspected for contraband outside the presence of the inmate-addressee and prohibited the copying of legal mail. *See* former ODRC Policy No. 59-LEG-01, entitled "Inmate Access to Court

and Counsel," Section IV;[1] former Ohio Administrative Code § 5120-9-17(B)(2).[2]  These state authorities were consistent with binding precedent from the United States Court of Appeals for the Sixth Circuit holding that mail from courts is legal mail. *See Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) ("[W]e hold that mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise.").

In 2021 or 2022, the ODRC changed its approach to legal mail, ultimately revising its own definition of "legal mail" in the Ohio Administrative Code and adopting a new policy for dealing with it. A new requirement was added: to be treated as "legal mail," incoming mail to inmates must be marked with a valid, unique, unexpired "control

---

[1] This policy previously defined Legal Mail as:

> Mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee. It may be opened and inspected for contraband only in the presence of the inmate-addressee. Postcards from a court of law indicating fees and/or fines owed are not considered legal mail.

Former ODRC Policy No. 59-LEG-01, Section IV (effective December 2, 2019 through March 26, 2023). New ODRC Policy No. 59-LEG-01 (effective March 27, 2023) does not define legal mail. *See* https://drc.ohio.gov/about/resource/policies-and-procedures/59-leg-incarcerated-person-legal-services/incarcerated-person-access-to-court-and-counsel (accessed October 11, 2023). It does provide that "Legal mail, including incarcerated person mail to and from attorneys, shall be handled pursuant to OAC 5120-9-17 - Incoming Mail, 5120-9-18 - Outgoing Mail, and ODRC Policy 75-MAL-03 – Incarcerated Population Legal Mail." *Id*., Section VI.G.1.

[2] This code provision previously defined Legal Mail as:

> mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee. It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-addressee.

Ohio Admin. Code § 5120-9-17(B)(2) (effective through April 7, 2022).

2

number" that the ODRC has issued for that piece of mail. The revised Ohio Administrative Code section now provides:

> "Legal mail" is mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee **that is marked with a valid control number provided by the department**. It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-addressee. **If mail is received from any of the groups listed without a valid control number, then it may be treated as a regular, non-legal mail**, as set forth in paragraph (B)(1) of this rule.

Ohio Admin. Code § 5120-9-17(B)(2) (effective April 8, 2022) (emphasis added). In addition, ODRC Policy No. 75-MAL-03, entitled "Incarcerated Population Legal Mail," was implemented. *See* https://drc.ohio.gov/about/resource/policies-and-procedures/75-mal-incarcerated-person-mail-and-printed-materials/incarcerated-population-legal-mail (accessed October 11, 2023). This new legal mail policy was formally made effective February 1, 2022, but appears to have been in place or enforced for several months before that.[3] *See generally Straughter v. Eddy*, No. 2:23-cv-1268, 2023 WL 6290069, at *2-4 (S.D. Ohio Sept. 27, 2023) (discussing the evolution of the issue and the process for obtaining control numbers).

---

[3] *See, e.g.*, *Brown v. Chambers-Smith*, No. 2:22-cv-2469, 2023 WL 2534816, at *1 (S.D. Ohio, March 16, 2023) (alleging in lawsuit challenging the new policy that an October 4, 2021 email notified inmates of new requirement for a "control number" to be attached to "Intended Legal Mail" despite existing policies, and that "ODRC had already been enforcing these changes months prior to the October 2021 email."). *See also* Undated letter on ODRC letterhead, Doc. 14, PageID 181 in *King v. Aramark*, Case No. 2:23-cv-156 (S.D. Ohio), noting that "[s]ince July 1, 2021, all ODRC institutions have been processing Legal Mail bearing a legitimate control number on the envelope of each piece of Legal Mail."

The ODRC's new control number requirement does not comply with the Sixth Circuit's pronouncement in *Sallier*. It has also generated significant motion practice, delay, and administrative cost in many cases in this Court, as well several lawsuits specifically challenging the constitutionality of the new policies and practices.[4] Some of the main concerns repeated in inmate filings are that mail from this Court—often requiring the inmate to take action within a limited number of days—is delayed without tracking or recourse, is copied with pages missing, or is simply not delivered at all. Inmates complain that they cannot timely proceed in their cases if institutional mailroom staff has unfettered control over whether, when, and in what form they receive this Court's orders.

Judges have taken various approaches to this issue as it has evolved.[5] *Straughter*, 2023 WL 6290069, at *4. Without formally deciding these underlying legal or

---

[4] *See, e.g.*,

- *Milous Brown v. Annette Chambers-Smith,* Case No. 2:22-cv-2469 (S.D. Ohio) (Amended Complaint, Doc. 36);
- *El-Barseem K. Allah v. Annette Chambers-Smith,* Case No. 2:22-cv-21 (S.D. Ohio) (Second Combined Complaint, Doc. 33);
- *Joeseph Shine-Johnson v. Annette Chamber-Smith*, No. 2:22-cv-3236 (S.D. Ohio) (Complaint, Doc. 12);
- *Marwan Snodgrass v. Annette Chambers-Smith*, No. 2:22-cv-3604 (S.D. Ohio) (Complaint, Doc. 5);
- *Mark Kendrick v. Annette Chambers-Smith*, No. 1:22-cv-170 (S.D. Ohio) (Complaint, Doc. 1);
- *Sean Swain v. Annette Chambers-Smith,* No. 2:23-cv-2809 (S.D. Ohio) (Complaint, Doc. 1-1);
- *Brian Holmes v. Ohio Department of Rehabilitation and Corrections*, No. 2:23-cv-3147) (Complaint, Doc. 1-1).

[5] In this District Court, *see, e.g.,*

- *Thompson v. Warden Pickaway Corr. Inst*., No. 2:22-cv-2042 (Doc. 24, requiring respondent's counsel to hand deliver the Court's Order to the inmate-petitioner and obtain a receipt);
- *Straughter v*. Eddy, No. 2:23-cv-1268 (Doc. 39, denying motion for control number at this time but allowing the issue to be raised again);
- *Coots v. Twila*, No. 1:22-cv-625 (Doc. 32, denying motion concerning legal mail but granting leave to raise the issue in an amended complaint);
- *Glenn v. Basham*, No. 1:22-cv-202 (Doc. 24, denying motion for control number);

4

constitutional issues, the undersigned Magistrate Judge **ORDERS** as follows, for the purpose of managing this case in a timely and efficient manner:

**First**, mail from this Court addressed to the inmate-plaintiff in this case is legal mail under *Sallier* and the ODRC is **ORDERED** to treat it as legal mail.

**Second**, Plaintiff's motion for control numbers (Doc. No. 199) is **DENIED** as unnecessary because this Court's mail to plaintiff in this case is legal mail under *Sallier*.

The Clerk of Court is **DIRECTED** to serve this Order on **(1)** the Ohio Attorney General's Office (which represents defendants employed by the State of Ohio in similar matters) at 30 E. Broad Street, 23rd Floor, Columbus, OH 43215; and **(2)** the Mailroom Supervisor at the Dayton Correctional Institution.

**IT IS SO ORDERED.**

  */s/ Caroline H. Gentry*
  Caroline H. Gentry
  United States Magistrate Judge

---

- *Kirby v. Warden*, No. 1:21-cv-482 (Doc. 29, denying motion for control number and noting that "[t]he ODRC has no authority whatsoever to fail to deliver mail from the Court to a litigant");
- *Brown v. Chambers-Smith*, No. 2:22-cv-2469 (Doc. 61, stating that "[t]he Court declines to obtain a 'control number' because it disputes the authority of the ODRC to require such process for mail from the Court to a litigant");
- *Allah v. Chambers-Smith*, No. 2:22-cv-21 (Doc. 28, denying motion for reconsideration of the denial of a preliminary injunction to change handling of legal mail);
- *Stapleton v. Warden, Ross Corr. Inst.,* No. 2:22-cv-501 (Doc. 15, allowing late objections—after case dismissed—on the basis of that mail was not treated as legal mail because it lacked a control number).

In the United States District Court for the Northern District, *see, e.g.*,

- *Whitman v. Gray*, No. 5:19-cv-1818, 2022 WL 621553 (N.D. Ohio Mar. 3, 2022) (denying petitioner's motion for a protection order requiring ODRC staff to stop copying his legal mail and open it in front of him);
- *Quinn v. Doe*, No. 3:22-cv-661, 2023 WL 4744280 (N.D. Ohio July 25, 2023) (denying motion to dismiss a claim about legal mail and denying qualified immunity);
- *Leach v. DeWine*, No. 3:22-cv-528, 2023 WL 4352553 (N.D. Ohio July 5, 2023) (granting a motion for a control number).

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within FOURTEEN days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).