# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**LANCE POUGH,**

    **Plaintiff,**

    **v.**

**MIKE DEWINE,** *et al.,*

    **Defendants.**

**Case No. 2:21-cv-880**

**District Judge Michael H. Watson**

**Magistrate Judge Caroline H. Gentry**

## OPINION AND ORDER

This civil rights matter, pending since March 2021, is before the Court to consider several of the parties' filings:

1. Plaintiff's Motion for Leave to File Third Proposed Amended Complaint Instanter, ECF No. 168,

2. Plaintiff's Motion for Notice, ECF No. 176,

3. Plaintiff's Motion to Withdraw Motion in Limine, ECF No. 178,

4. Plaintiff's Reasons for Filing the Third Proposed Amended Complaint Late in the Litigation, ECF No. 179,

5. Plaintiff's Motion to Withdraw Mixed Motives Analysis, ECF No. 180,

6. Defendants' Motion to Stay Discovery, ECF No. 182,

7. Plaintiff's Motion for Leave to File Signed Complaint, ECF No. 183,

8. Plaintiff's Motion for Leave to File Addendum, ECF No. 184,

9.      Plaintiff's Motion in Limine, ECF No. 185,

10.     Plaintiff's Motion to Withdraw Motion to Withdraw, ECF No. 191, and

11.     Plaintiff's Fifth Motion to Compel, ECF No. 194.

The Court addresses these matters below.  Defendants' pending Motion for Summary Judgment, ECF No. 170, will be resolved separately.

## I.      STANDARD OF REVIEW

Because Plaintiff is proceeding in this case without the assistance of counsel, the Court will construe his filings liberally.  *See Lamb v. Howe*, 677 F. App'x 204, 207 (6th Cir. 2017).  The Court recognizes that "pro se filings should be held to less stringent standards than formal pleadings drafted by lawyers." *SEC v. Merklinger*, 489 F. App'x 937, 940 (6th Cir. 2012) (internal citation omitted).

However, "[t]he leniency granted to *pro se* petitioners . . . is not boundless."  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  The Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).  "A plaintiff's status as a *pro se* litigant . . . does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the Local Rules for this District."  *Benzaoual v. Ohiohealth Corp.*, No. 2:19-cv-3366, 2021 WL 2712174, at * 3–6 (S.D. Ohio July 1, 2021) (internal citation omitted); *see also Moore v. Westcomb*, No. 2:20-cv-179, 2021 WL 1851130, at *1 (W.D. Mich. May 10, 2021) (quoting *In re*

*Sharwell*, 129 F.3d 1265 (6th Cir. 1997) (table)) ("While [the party] was proceeding pro se and may not have fully understood the rules of procedure, he was still required to comply with the rules; his pro se status does not exempt him from compliance."). This is particularly true with respect to "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

The Court applies these standards to each of Plaintiff's filings.

## II. ANALYSIS

**A. Plaintiff's Motion for Leave to File Third Proposed Amended Complaint Instanter, ECF No. 168, Reasons for Filing the Third Proposed Amended Complaint Late in the Litigation, ECF No. 179, Motion for Leave to File Signed Complaint, ECF No. 183, and Motion for Leave to File Addendum, ECF No. 184**

In February 2024, approximately three years into this litigation, Plaintiff filed a Motion for Leave to File Third Proposed Amended Complaint Instanter. ECF No. 168. About a month later and without leave, Plaintiff filed a document entitled Plaintiff's Reasons for Filing the Third Proposed Amended Complaint Late in the Litigation. ECF No. 179. Defendants responded, opposing Plaintiff's request to file a new complaint. ECF No. 181.

Plaintiff then filed a Motion for Leave to File the "Signed" Proposed Third Amended Complaint Instanter and a Motion for Leave to File the Instant Addendum to His Motion for Leave to File the Third Proposed Amended Complaint Instanter. ECF Nos. 183, 184. Finally, Plaintiff filed a Motion in

Response/in Reply to the Defendants['] Motion in Opposition to Plaintiff's Motion for Leave to File the Third Amended Complaint. ECF No. 195.

Plaintiff's Motion for Leave to File Third Proposed Amended Complaint Instanter, ECF No. 168, and Motion for Leave to File the "Signed" Proposed Third Amended Complaint Instanter, ECF No. 183, seek essentially the same relief. In both, Plaintiff seeks permission to file what appears to be the same document. ECF No. 168-1; ECF No. 183-1. The latter motion simply seeks to correct the clerical oversight by which Plaintiff left his proposed Third Amended Complaint unsigned. ECF No. 183 at PAGEID # 2606. The Court will thus construe these two filings as a single motion for leave to file a third amended complaint. ECF Nos. 168, 183.

Before deciding the motion, the Court considers which filings are properly before it. The Court's Local Rules anticipate only two filings in response to a motion: a memorandum in opposition to the motion and a reply memorandum in support of it. S.D. Ohio Civ. R. 7.2(a)(2). Local Rule 7.2(a)(2) states that "[n]o additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." *Id*. Here, Defendants responded to Plaintiff's motion, and Plaintiff filed a reply in support of it. ECF Nos. 191, 195. No other memoranda were allowed without the Court's permission.

Nonetheless, Plaintiff filed an additional document without seeking or obtaining permission. His Reasons for Filing the Third Proposed Amended Complaint Late in the Litigation, ECF No. 179, is thus an unauthorized "additional

memorand[um]" filed contrary to Southern District of Ohio Local Civil Rule

7.2(a)(2). Plaintiff's pro se status does not exempt him from this Rule. *See*

*Johnson v. Mohr*, No. 2:15-cv-86, 2016 WL 5816262 (S.D. Ohio Oct. 5, 2016)

(striking sur-reply filed by pro se plaintiff in violation of local rule) and Section I,

above. The Court therefore **STRIKES** Plaintiff's filing entitled Reasons for Filing

the Third Proposed Amended Complaint Late in the Litigation, ECF No. 179.

Plaintiff also moved for leave to file an addendum to his motion for leave to

amend the complaint. ECF No. 184. Defendants do not oppose that motion,

and, on review, Plaintiff's proposed addendum primarily seeks to clarify minor

details to the Court and does not contain novel arguments that, if considered,

would prejudice Defendants. Accordingly, the Court **GRANTS** Plaintiff's Motion

for Leave to File Addendum to his Motion for Leave to File Third Amended

Complaint, ECF No. 184. The Court now turns to Plaintiff's motion for leave to

again amend the complaint.

### 1.    Plaintiff's Proposed Amendments to the Second Amended Complaint

Plaintiff makes two primary changes with his proposed Third Amended

Complaint. First, he seeks to add a new retaliation claim against a new

defendant, K. Judkins. ECF No. 168. Plaintiff alleges that Officer Judkins (or

"the Officer") worked at Grafton Correctional Institution, where Plaintiff used to

reside. ECF No. 183-1 at PAGEID # 2630. Plaintiff says that, on or about March

6, 2022, the Officer conducted a search of Plaintiff's cell, focusing exclusively on

Plaintiff's belongings and disregarding Plaintiff's cellmate. *Id*. Plaintiff further asserts that, while performing the search, the Officer warned Plaintiff that "suing parole board members can cause harm to [Plaintiff] and lead to another lengthy flop [continuance] and more shakedowns and searches." *Id*.

Plaintiff states that the Officer repeated this behavior on June 25 or 26, 2022, at which time the Officer also threatened that Plaintiff would suffer physical harm if he filed a grievance against the Officer. *Id*. Based on these allegations, Plaintiff seeks to bring a claim or claims against the Officer for retaliation in violation of the First and Fourteenth Amendments. *Id*. at PAGEID # 2636.

Second, Plaintiff seeks to add a new Fourteenth Amendment due process claim against the current Board Member Defendants. ECF No. 183-1 at PAGEID # 2632–33. This new claim is based on Plaintiff's assertion that in December 2022 he learned that his parole file "contained inaccurate and false information regarding the facts of [his criminal] case." *Id*. at PAGEID # 2630–31; *see generally Dodson v. Mohr*, No. 21-3778, 2022 WL 3954932, at *3 (6th Cir. July 28, 2022) (the Ohio Parole Board's "knowing reliance on false information in a parolee's file, which is prohibited under state law, can constitute a due process violation." (citing *State ex rel. Keith v. Ohio Adult Parole Auth*., 2014-Ohio-4270, ¶¶ 23-28) (additional citation omitted)).

Specifically, Plaintiff alleges that his Ohio Parole Board Information Sheet falsely says that he "made death threats to the victim which led to him fleeing the area for several months[.]" ECF No. 183-1 at PAGEID # 2620–31; *see also* Ohio

Parole Board Information Sheet, Ex. D5 to Proposed Third Amended Complaint, ECF No. 168-7 at PAGEID # 2374.

Although partially redacted, the document appears to say that someone's brother "confirmed with detectives that the victim had been a confidential informant with their drug task force and the [sic] was scheduled to testify later that month against [Plaintiff]. The victim had fled the area several months earlier to Alabama due to death threats being made against him by [Plaintiff]." ECF No. 168-7 at PAGEID # 2374.

Plaintiff contends that he did *not* make death threats to the victim (who was later murdered) and argues that the Board Members relied on this information—which they knew or should have known to be false—when they denied him parole and imposed a ten-year continuance. *Id.* at PAGEID # 2631–32.

But Plaintiff pleads few facts in support of this conclusion. He does not say why he believes Defendants knew or should have known the statement was false. He does not indicate that he objected to the statement at his parole hearing, which makes logical sense—if he did not know about the statement until December 2022 when he received it in discovery, he could not have challenged it in March 2018. Instead, he appears to argue that erroneous information existed in his file, which Defendants reviewed, and so, therefore, they knowingly considered the error and violated his rights.

## 2.  Law and Analysis

Although presented as a motion to file an *amended* complaint, part of the motion may be more appropriately considered a motion to *supplement* the complaint.

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplements to a complaint. Fed. R. Civ. P. 15(a), (d). Under the Rule, at this point in the case, Plaintiff needs the Court's permission or Defendants' consent to amend his complaint again. Fed. R. Civ. P. 15(a)(2). The Court may also permit Plaintiff "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The standards for both types of motion are generally the same. *See generally Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (noting the same standard of review and rationale apply to motions to amend under Fed. R. Civ. P. 15(a) and motions to supplement under Fed. R. Civ. P. 15(d)).

Defendants do not consent to Plaintiff's motion, ECF No. 181 at PAGEID # 2587, so he needs the Court's permission to file a Third Amended Complaint. The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). "A party who delays in seeking an amendment once the need to amend becomes apparent is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the

passage of time." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 459 (6th Cir. 2013), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019) (quoting 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1488, p. 764 (3d ed. 2010)) (cleaned up).

Under Rule 15's permissive standard, "leave should be granted unless there is some apparent or declared reason not to allow the amendment." *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984). Those reasons include undue delay, as noted above, and also "bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

With respect to the last of these reasons, an amendment would be futile "if the claim, even with the amendment, could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss." *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020) (cleaned up). An amendment may also be futile where the plaintiff seeks to add unrelated claims against different parties. *See Allah v. Smith*, No. 2:22-cv-21, 2022 WL 4395680, at *4 (S.D. Ohio Sept. 23, 2022) (finding amendment futile where the "new claim neither arises out of the 'same transaction, occurrence, or series of transactions or occurrences' as Plaintiff's other claims, nor does it involve 'any question of law or fact common to all

defendants.'" (quoting Fed. R. Civ. P. 20(a)(2)(A)-(B))); *see also Mims v. Simon*,
No. 1:22-cv-323, 2022 WL 1284106, at *3 (W.D. Mich. Apr. 29, 2022) (leave to
amend may be denied if the amendment would result in the improper joinder of
parties or claims (citing Fed. R. Civ. P. 21)).

Here, Defendants argue that the Court should deny leave because Plaintiff
has unduly delayed in bringing these claims and an amendment at this date
would prejudice them. ECF No. 181 at PAGEID # 2582. Defendants accurately
observe that this matter has been pending for more than three years and that
Plaintiff's proposed new claims stem from facts of which he has been aware for
well over a year. *Id.* at PAGEID # 2588, 2583. They further note that "extensive
litigation has ensued" in this case, "including extensive discovery." *Id.* at
PAGEID # 2588.

Plaintiff responds that Defendants have not said precisely how they would
be prejudiced by his proposed amendment. ECF No. 195 at PAGEID # 2762.
He argues there is good cause to grant leave (that his delay in seeking leave is
excusable) because his proposed amendments are "based on evidence turned
over by [Defendants] during discovery." *Id.* at PAGEID # 2753, 2759.

Plaintiff's arguments are ultimately unpersuasive. As Defendants note,
Plaintiff's proposed claims against the Officer are not based on "newly
discovered evidence" but rather on his own firsthand experiences. ECF No. 181
at PAGEID # 2583. Plaintiff specifically said he was present for the Officer's
alleged retaliation. ECF No. 183-1 at PAGEID # 2630. Therefore, Plaintiff has

had the information necessary to bring his proposed claims against the Officer since March 6, 2022. *Id.*

Similarly, the document underlying Plaintiff's new due process claims against the Board Members cannot fairly be described as "newly discovered." Plaintiff explicitly states these claims stem from information he learned in December 2022. ECF No. 183-1 at PAGEID # 2630. If true, Plaintiff waited for approximately fifteen months before trying to bring those claims in February 2024. ECF No. 168.

Plaintiff does not satisfactorily explain why he delayed for so long before seeking to bring these claims. His only argument on this point is that he provided justification for his delay in his Reasons for Filing the Third Proposed Amended Complaint Late in the Litigation. *See* ECF No. 179. He contends that, by failing to refute those justifications, Defendants have conceded them. ECF No. 183-1. But, as explained above, Plaintiff's Reasons for Filing the Third Proposed Amended Complaint Late in the Litigation were never properly before the Court. Defendants had no obligation to refute arguments that Plaintiff was not permitted to make in the first place, and their lack of response does not amount to a concession. On this record, the Court concludes that Plaintiff has unduly delayed in bringing his latest motion to amend. *See Pittman v. Experian Info. Solutions, Inc.*, 903 F.3d 619, 642 (6th Cir. 2018) (affirming denial of leave to amend where Plaintiff "unduly delayed moving for leave to amend his complaint for more than a year and provided no excuse or justification for the delay").

The Court also concludes that allowing further amendment at this time would unduly prejudice Defendants. The Sixth Circuit has found undue prejudice where allowing amendment would cause defendants to "have wasted time and expense attacking a hypothetical complaint." *Hiller v. HSBC Fin. Corp.*, 589 F. App'x 320, 321 (6th Cir. 2015) (quoting *Glazer*, 704 F.3d at 458–59). That is the case here, where the parties have engaged in extensive, protracted, and acrimonious litigation concerning the previous complaints for more than three years, including dozens of motions filed by Plaintiff. *See Lyle v. Jackson*, 49 F. App'x 492, 495 (6th Cir. 2002) (affirming denial of leave to amend for undue prejudice to existing defendants where amendments "would have prolonged the proceedings without any prospect of ever resolving all of [the plaintiff's] complaints").

Finally, with respect to the proposed claim against the Officer, the Court notes that the allegations concern events that occurred at a different prison four years after the parole hearing that is the subject of the previous complaints. *Compare* Second Amend. Compl. ¶ 22, ECF No. 20 at PAGEID # 238 (March 6, 2018 hearing while at Richland Correctional Institution) *with* Proposed Third Amend. Compl. ¶ 46, ECF No. 183-1 at PAGEID # 2630 (March 6, 2022 cell search while at Grafton Correctional Institution).

These claims, although conceptually linked, should be brought in different cases as courts generally hold that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a

multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner my file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)); *see also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (denying proposed amendment adding new unrelated claims against new defendants (citation omitted)).

The relevant language for deciding this issue comes from Rule 20, which says that "Persons . . . may be joined in one action as defendants" if two conditions are satisfied:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Plaintiff's claims do not satisfy this test. The claims are not asserted against the Board Members and the Officer jointly, severally, or in the alternative. Plaintiff instead raises distinct claims against each based on different facts. Nor do the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." The allegations are of two different events, four years apart. Finally, the Court sees no apparent question of law or fact common to the claims against the Board Members and the Officer. Although Plaintiff has alleged that these events are "related" because the Officer

retaliated against him for suing Board Members, relatedness is not the correct standard. *See Honzu v. Doe*, No. 2:22-cv-292, 2023 WL 5625487, at *3 (S.D. Ohio Aug. 31, 2023) *report and recommendation adopted*, 2023 WL 8357286 (S.D. Ohio Dec. 1, 2023) (denying leave to amend without prejudice because, "[w]hile these allegations are arguably similar in nature to those in the [previous] Complaint, they occurred at a different time and appear to be made against an entirely different set of defendants at an entirely different prison").

Even an allegation of retaliation is an insufficient link between two distinct factual scenarios and types of claims. In *Brown v. Cool*, No. 2:21-cv-5146, 2023 WL 10511455, at *2 (S.D. Ohio May 10, 2023), another judicial officer of this Court faced a similar situation and found that the claims should proceed separately:

> In the instant case, there is a clear demarcation between the initial Complaint and the Motion to Amend. The Complaint targets events alleged to have occurred at RCI while the Motion to Amend targets events alleged to have subsequently occurred at SOCF. There is no overlap between the Defendants named in the initial Complaint and the proposed Defendants at SOCF. The only conceivable nexus between the events alleged to have occurred at RCI and the subsequent events alleged to have occurred at SOCF is Plaintiff's intimation that his transfer to, and alleged mistreatment at, SOCF were in retaliation for grievances he was pursuing at RCI. But this alleged nexus is not a proper basis for combining into one lawsuit unrelated claims against different defendants. *See Allah*, 2022 WL 866295 at *2 (discussing Fed. R. Civ. P. 20(a)(2), and citing *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *1 (E.D. Mich. Aug. 6, 2018)).

*Id.* at *2 (emphasis added and record citations omitted). Cases that are "related" may be so designated by this Court under Southern District of Ohio Local Civil

Rule 3.1(b) for "the orderly division of the business of the Court," but that does not mean that all related claims should proceed together in the same case. *See Martin v. Shoop, Warden*, No. 2:22-cv-4423 (S.D. Ohio July 23, 2024) (noting that relatedness and consolidation are different concepts).

If this Court were to allow Plaintiff to add the new retaliation claim against the Officer, the claim would need to be severed and dismissed as improperly joined, meaning that an amendment to include it here is futile. *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *8 (S.D. Ohio Mar. 17, 2023), *report and recommendation adopted*, 2023 WL 6065130 (S.D. Ohio Sept. 18, 2023); *see also Mims*, 2022 WL 1284106, at *3 (leave to amend may be denied if the amendment would result in the improper joinder of parties or claims (citing Fed. R. Civ. P. 21)).

Finally, the obvious logistical impact of adding a new claim against a new defendant—a different type of claim, and a different type of defendant, likely requiring a different type of discovery and another round of discovery disputes— is that it would undoubtedly delay resolution of this case. Some Defendants, including those who are no longer Parole Board Members, might have to wait years for resolution of the claims against them while the new defendant's matter (service, discovery, motion practice, etc.) catches up. That delay, on top of Plaintiff's delay in bringing his request to file a fourth complaint, and considering the futility of including at least one of the new claims, leads the Court to conclude that further amendment should not be allowed at this time. Accordingly, the

Court **DENIES** Plaintiff's Motion(s) for Leave to File Third Proposed Amended Complaint Instanter, ECF Nos. 168, 183.

**B.** **Plaintiff's Motion for Notice of Mixed Motives Analysis, ECF No. 176, and Motion To Withdraw Mixed Motives Analysis, ECF No. 180**

Plaintiff filed a document entitled "Motion for Notice of Mixed Motives Analysis and Intentions to Argue the Mixed Motives Theory in His Response to the Defendants['] Motion for Summary Judgment." ECF No. 176. Later, Plaintiff filed a "Motion to Withdraw the Mixed Motives Analysis and Standard Motion," stating that he "made a mistake in filing [the Motion for Notice]." ECF No. 180 at PAGEID # 2578.

His request is well-taken. The Court **GRANTS** Plaintiff's motion to withdraw his motion for a mixed motive analysis, ECF No. 180. Plaintiff's "Motion for Notice of Mixed Motives Analysis," ECF No. 176, is **DENIED AS MOOT**.

**C.** **Plaintiff's Motion in Limine, ECF No. 185, Motion To Withdraw Motion in Limine, ECF No. 178, and Motion To Withdraw Motion To Withdraw Motion in Limine, ECF No. 191**

The Court received Plaintiff's "Motion to Withdraw the Motion in Limine Dated 3-5-2024" on March 20, 2024. ECF No. 178. The Court did not receive Plaintiff's motion in limine until a few days later, however. ECF No. 185.

Thereafter, Defendants opposed the motion in limine, ECF No. 187, and Plaintiff filed a "Motion to Withdraw the Motion to Withdraw the Motion In Limine in Light of the Defendant[s] Responding to It," ECF No. 191. Plaintiff also filed a reply in support of his motion in limine. ECF No 196.

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1240 (6th Cir. 1983). It is "essentially an advisory opinion" regarding whether the Court is likely to allow the introduction of specific evidence at trial. *Id.* When properly used, a motion in limine will "narrow the evidentiary issues for trial and . . . eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (internal citation omitted). Although more frequently used to *exclude* evidence, motions in limine may also be used to preemptively admit evidence. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753 (2000) (affirming use of motion in limine to admit evidence of prior bad acts in advance of trial).

In this case, Plaintiff's motion in limine asks the Court to admit several documents into evidence for use at trial and in defending against Defendants' motion for summary judgment. ECF No. 185. But, as Defendants note, evidence relied upon at summary judgment need not be formally admitted by way of motion in limine. ECF No. 187 at PAGEID # 2702; *Scott-Benson v. KBR, Inc.*, 826 F. App'x 364, 368 (5th Cir. 2020) ("A motion in limine is addressed to the admissibility—or not—of evidence at trial; it has no place in a motion for summary judgment.").

The Court is currently considering the admissibility of Plaintiff's evidence when reviewing Defendants' motion for summary judgment. In the interest of judicial economy, the Court concludes that the better approach is to conduct the analysis in that context, rather than to separately decide a motion in limine.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Withdraw his Motion to Withdraw his Motion in Limine. ECF No. 191. Plaintiff's Motion to Withdraw his Motion in Limine is **TERMINATED** on the docket. ECF No. 178.

The Court **DENIES** Plaintiff's Motion in Limine, ECF No. 185, but will consider the parties' arguments along with their proffered evidence in its forthcoming decision on Defendants' motion for summary judgment.

**D.      Defendants' Motion To Stay Discovery, ECF No. 182**

In their motion to stay discovery, Defendants report that Plaintiff continues to propound discovery requests, which Defendants characterize as a "fishing expedition." ECF No. 182. They argue that the additional discovery Plaintiff seeks will not help him defend against their pending motion for summary judgment but that responding to his continued requests "would be burdensome and cause the improvident use of scarce State and judicial resources." *Id*. Defendants therefore ask the Court to stay discovery pending resolution of dispositive motions. *Id*.

Plaintiff opposes a stay. ECF No. 198. He contends that the information sought *will* assist him. He criticizes Defendants' request because they "have not explained how or why [Plaintiff's continued discovery requests are] burdensome or would cause the improvident use of scarce state and judicial resources." ECF No. 198 at PAGEID # 2803.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn*

*v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). However, because a motion for summary judgment necessarily requires the parties to produce evidence, "it is generally improper to grant summary judgment without affording the non-movant sufficient opportunity for discovery." *Oatman v. Potter*, 92 F. App'x 133, 138 (6th Cir. 2004). Moreover, this Court has recognized that "[t]he notion that a potentially dispositive motion would stay discovery is directly at odds with the need for expeditious resolution of litigation." *Pres. Partners, Inc. v. Sawmill Park Props., LLC*, No. 2:22-cv-00477, 2023 WL 2943820, at *2 (S.D. Ohio April 14, 2023) (internal quotation omitted). Therefore, "as a general rule, this Court is not inclined to stay discovery while a potentially dispositive motion is pending unless special circumstances justify that action." *Id.* (internal quotations omitted); *see also Ames v. LaRose*, No. 2:22-cv-2085, 2022 WL 11615872, at *2 (S.D. Ohio Oct. 20, 2022) ("the fact that a party has filed a case-dispositive motion is . . . insufficient to support a stay of discovery") (internal quotation omitted).

Defendants argue that a stay of discovery is justified because "there is a strong likelihood of success on their Motion for Summary Judgment." ECF No. 182 at PAGEID # 2602. This argument is unpersuasive. The Court has historically declined "to grant a stay based on one party's view of the strength of its Motion." *Kendell v. Shanklin*, No. 2:20-cv-985, 2020 WL 6748505, at *2 (S.D. Ohio June 4, 2020) (internal quotation omitted).

Defendants also argue that continued discovery would impose an undue burden upon them. ECF No. 182 at PAGEID # 2602. The Court agrees with

Plaintiff that Defendants have not specified how or why this is so.  ECF No. 198.

It appears the discovery requests that prompted Defendants' Motion to Stay were

Plaintiff's requests for contact information for non-parties Shirley Smith and

JoEllen Smith, as discussed in the next section.  ECF No. 182 at PAGEID

# 2601.  The Court is unconvinced that providing two addresses (or stating that

Defendants do not have them) would unduly tax scarce state resources.

For all these reasons, the Court **DENIES** Defendants' Motion to Stay

Discovery, ECF No. 182.

## E.    Plaintiff's Fifth Motion To Compel, ECF No. 194

In this motion, Plaintiff says that he served interrogatories on Defendants

seeking "the current and correct addresses of ODRC Spokeswoman JoEllen

Smith and the address of ex board member Shirley Smith."  ECF No. 194 at

PAGEID # 2738.  Plaintiff has produced the interrogatories in question, which are

addressed to Defendant Houk and read as follows:

1) Please provide the current address for ODRC spokeswoman JoEllen
   Smith[] or former spokeswoman JoEllen Smith.
2) Please provide the current address for ODRC [f]ormer Parole Board
   member Shirley Smith.

ECF No. 194-2 at PAGEID # 2745.

When Defendant Houk failed to timely respond to Plaintiff's interrogatories,

Plaintiff sent a letter to Defendants' counsel "seeking a resolution or solution."

ECF No. 194-3 at PAGEID 2747.  Defendants' counsel responded that

"Defendant Houk will not be responding to [Plaintiff's] request for [sic]

interrogatories at this time." ECF No. 194-1 at PAGEID # 2743. Defendants'

counsel expressed a belief that Plaintiff was seeking *residential* addresses for

Shirley Smith and JoEllen Smith and indicated that "those residential addresses

are not in Mr. Houk's possession, and in any event, would not be disclosed due

to security concerns." *Id*.

Plaintiff asks the Court to compel Defendants to provide Shirley Smith's

address. ECF No. 194 at PAGEID # 2738. He argues that, because Defendants

failed to timely object to his interrogatories, Defendants have waived their right to

do so now. *Id*. at PAGEID # 2739.

"In general, when a party fails to object timely to interrogatories, production

requests, or other discovery efforts, objections thereto are waived." *United

States v. Elsass*, No. 2:10-cv-336, 2011 WL 335957, at *3 (S.D. Ohio Jan. 31,

2011) (cleaned up). Magistrate Judge Gentry previously had to remind

Defendants that "neither Plaintiff's pro se status nor their own perception of the

frivolity of his claims exempts Defendants from the requirement that they follow

the [discovery] rules." Decision & Order at 19, ECF No. 110 at PAGEID # 1165.

Under the rules, if Houk was not in possession of Shirley Smith's address, could

not reasonably get it, or felt that he should not disclose that address due to

"security concerns," his proper recourse was to respond in a timely fashion with

that information. It was not proper to simply fail to respond, based on an

unconveyed inference that Plaintiff must have meant to include the word

"residential" in his request. *See Libertarian Party of Ohio v. Husted*, No. 2:13-cv-

953, 2015 WL 5766518, at *2 (S.D. Ohio Oct. 2, 2015) ("counsel have an obligation to work together in good faith to [e]nsure that issues of semantics . . . do not clog up the discovery process itself or lead to unnecessary motions practice").

Nevertheless, Defendants advance at least one persuasive argument. They indicate that Houk does not have a current address for Shirley Smith. ECF No. 197 at PAGEID # 2796. Despite the Court's frustration that Houk did not simply tell Plaintiff this, the Court cannot compel Houk to produce information that he does not have. *See Solly v. Mausser*, No. 2:15-cv-956, 2017 WL 4280935, at *2 (S.D. Ohio Sept. 27, 2017) ("the Court cannot compel what does not exist.").

Defendants also argue that Plaintiff's motion to compel is moot. They note that Plaintiff sought the addresses "for the purpose of issuing subpoenas," ECF No. 194-1 at PAGEID # 2743, but that the Court has already ordered the United States Marshals Service to serve a subpoena on Shirley Smith on Plaintiff's behalf, *see* ECF No. 197 at PAGEID # 2797 (citing ECF No. 189).

The docket reflects that on April 24, 2024, per the Court's Order, the Marshals Service filed under seal a process receipt indicating that Shirley Smith had been personally served with Plaintiff's subpoena on April 23. ECF No. 192 (sealed). Therefore, to the extent that Plaintiff sought Shirley Smith's address for purposes of effecting service, his motion to compel production of that address appears to be moot. To the extent Plaintiff wishes to serve further process upon

Shirley Smith, he may file the appropriate motion seeking service by the Marshals Service.

In conclusion, although the Court does not approve of Defendants' failure to reply, Plaintiff's Fifth Motion to Compel, ECF No. 194, is not well-taken and is therefore **DENIED**.

### III.    CONCLUSION

For the reasons stated herein, the Court hereby:

1. **DENIES** Plaintiff's Motion for Leave to File Third Proposed Amended Complaint Instanter, ECF No. 168.

2. **DENIES as MOOT** Plaintiff's Motion for Notice, ECF No. 176.

3. **TERMINATES** Plaintiff's Motion to Withdraw Motion In Limine, ECF No. 178.

4. **STRIKES** Plaintiff's Reasons for Filing the Third Proposed Amended Complaint Late in the Litigation, ECF No. 179.

5. **GRANTS** Plaintiff's Motion to Withdraw Mixed Motives Analysis, ECF No. 180.

6. **DENIES** Defendants' Motion to Stay Discovery, ECF No. 182.

7. **DENIES** Plaintiff's Motion for Leave to File Signed Complaint, ECF No. 183.

8. **GRANTS** Plaintiff's Motion for Leave to File Addendum, ECF No. 184.

9. **DENIES WITHOUT PREJUDICE** Plaintiff's Motion in Limine, ECF No. 185.

10. **GRANTS** Plaintiff's Motion to Withdraw Motion to Withdraw, ECF No. 191.

11. **DENIES** Plaintiff's Fifth Motion to Compel, ECF No. 194.

The Court will resolve Defendants' Motion for Summary Judgment, ECF No. 170, separately.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**